UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **WAYNE B. LYNCH, Administrator of the** ) <br> **Estate of Donovon W. Lynch, Deceased,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **SOLOMON D. SIMMONS, III,** ) <br> **a/k/a, SOLOMON D. SIMMONS,** ) <br> **Individually And In His Official Capacity** ) <br> **As A Police Officer For The City Of** ) <br> **Virginia Beach, Virginia,** ) <br> ) <br> <u>Serve</u>**: Solomon D. Simmons, III** ) <br> **a/k/a, Solomon D. Simmons** ) <br> **3558 Brigita Court** ) <br> **Virginia Beach, VA 23453** ) <br> ) <br> **CITY OF VIRGINIA BEACH,** ) <br> ) <br> <u>Serve</u>**: Mark D. Stiles, Esq.** ) <br> **Office of City Attorney** ) <br> **2401 Courthouse Drive** ) <br> **Building 1, Room 260** ) <br> **Virginia Beach, VA 23456** ) <br> ) <br> **Defendants.** ) | **COMPLAINT** <br><br> Case No. 2:21-cv-00341 <br><br> Jury Trial Demanded |

COMES NOW the Plaintiff, Wayne B. Lynch, Administrator of the Estate of Donovon W. Lynch, Deceased, by counsel, and moves this Court for judgment against Defendants, Solomon D. Simmons, III, a/k/a, Solomon D. Simmons, individually and in his official capacity as a police officer for the City of Virginia Beach, and the City of Virginia Beach, on the following grounds:

INTRODUCTION

1. This civil rights case arises from the unlawful shooting and killing of Donovon W. Lynch, ("Mr. Lynch"), a young, innocent, Black man, by a Virginia Beach Police Officer. He stood six feet, five inches tall, and weighed 305 pounds at the time of his death. He was a youth volunteer and member of Faith World Ministries and a Youth Volunteer Coordinator for the "Something in the Water" music festival. He was a gentle giant – and a man who could not be mistaken for another.

2. But on March 26, 2021, Virginia Beach Police Officer Solomon D. Simmons shot Mr. Lynch twice, killing him on the streets he grew up on.

3. When Officer Simmons shot Mr. Lynch, he was walking to his car with a friend. Officer Simmons was on his way to respond to an incident in which Mr. Lynch was not a suspect and not involved. Mr. Lynch posed no threat to Officer Simmons or anyone else.

4. Mr. Lynch's father, Wayne B. Lynch, brings this action in his capacity as the Administrator of his son's estate to vindicate Mr. Lynch's rights under state and federal law to be free of arbitrary, deadly violence by the police.

JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it involves claims under federal law, namely 42 U.S.C. § 1983.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a) over the state law claims, including claims alleged pursuant to Virginia Code § 8.01-50, *et seq.* (wrongful death statute), or, alternatively, pursuant to Virginia Code § 8.01-25, *et seq.* (survival statute).

7. Pursuant to Virginia Code § 15.2-209, written notice of this claim was timely provided to the City Attorney's Office for the City of Virginia Beach within six months after the cause of action accrued. A copy of the Notice of Claim is attached hereto as Exhibit A.

## VENUE

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this district.

9. Assignment to the Norfolk Division of the Eastern District of Virginia is proper pursuant to Eastern District of Virginia Local Rules 3(B)(4) and 3(C) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this division.

## PARTIES

10. Plaintiff Wayne B. Lynch, Administrator of the Estate of Donovon W. Lynch, Deceased, at the time of the incident described herein, was an adult over the age of 18 and a resident of the Commonwealth of Virginia.

11. Plaintiff is the father of Mr. Lynch, who was an adult over the age of 18 and a resident of the Commonwealth of Virginia at the time of his death on March 27, 2021. A copy of Mr. Lynch's Death Certificate is attached hereto as Exhibit B.

12. Mr. Lynch was a twenty-five year old Black man. He was six feet, five inches tall and weighed 305 pounds at the time of his death.

13. Plaintiff was qualified and duly appointed as Administrator of the Estate of Donovon W. Lynch, Deceased, by the Virginia Beach Circuit Court on June 17, 2021. A copy of the Certificate of Qualification is attached hereto as Exhibit C.

14. Defendant Solomon D. Simmons, III, a/k/a, Solomon D. Simmons ("Officer Simmons") was at the time of the incident described herein an adult resident of the Commonwealth of

Virginia. At all relevant times, Officer Simmons was employed by the Virginia Beach Police Department ("VBPD"), a division of the City of Virginia Beach.

15. At all relevant times, Officer Simmons was acting in the course and scope of his employment with VBPD; as an agent, servant and/or employee of VBPD; and under color of state law pursuant to 42 U.S.C. § 1983.

16. Defendant City of Virginia Beach ("Virginia Beach") is a municipal corporation operating under the laws of the Commonwealth of Virginia.

17. At all relevant times, Virginia Beach operated and controlled the VBPD, and was the public employer of Officer Simmons.

FACTUAL ALLEGATIONS

18. On the evening of March 26, 2021, Mr. Lynch was socializing with his friend Darrion Marsh ("Mr. Marsh") at the Virginia Beach Oceanfront Resort Area (the "Oceanfront").



(Mr. Lynch and friends)

19. At approximately 11:20 p.m., Virginia Beach Police were called to the Oceanfront to investigate a report that gunshots had been fired.

20. When the gunshots were fired, Mr. Lynch and Mr. Marsh were in a restaurant. They had no involvement in that incident.

21. When Mr. Lynch and Mr. Marsh left the restaurant, they saw a throng of people and Virginia Beach Police Officers. They decided to leave the Oceanfront and began to walk away from the area and towards the cars in which they had arrived.

22. Upon information and belief, it was while Mr. Lynch and Mr. Marsh were walking towards their cars that they encountered Officer Simmons.

23. Immediately, unlawfully, and without warning, Officer Simmons fired his police-issued firearm at Mr. Lynch, shooting him twice and killing him.

24. At the time of his death, Mr. Lynch was 6'5" and weighed 305 lbs. A former offensive lineman for the University of Virginia College at Wise, he stood out due to his enormous size. He was unmistakable as anyone else.



(Mr. Lynch at a recent family event.)

25. At all relevant times, Mr. Lynch was not speaking or acting in a manner that would suggest that he posed *any* threat, let alone a *deadly* threat, to Officer Simmons or anyone else. He was neither resisting nor evading arrest.

26. Upon information and belief, Officer Simmons failed to identify himself or issue any warning prior to firing his police-issued firearm at Mr. Lynch.



(Mr. Lynch was an offensive lineman for the University of Virginia College at Wise.)

27. Upon information and belief, Officer Simmons failed to attempt to stop or otherwise determine the identity of Mr. Lynch prior to firing his police-issued firearm.

28. During the incident, Officer Simmons failed to make any reasonable effort to address and/or diffuse the situation in a non-violent or non-lethal manner.

29. During the incident, Officer Simmons failed to activate the body camera that he was wearing. Officer Simmons knew or should have known that his body camera needed to be activated pursuant to Virginia Beach Police policies, procedures, and/or protocols.

7

30. Upon information and belief, Officer Simmons failed to render life-saving medical aide and/or failed to cause others to render life-saving medical aide to Mr. Lynch after shooting him twice.

31. As a result of Officer Simmons's actions, Mr. Lynch died at or near the scene on or about March 27, 2021.

## COUNT I – 42 U.S.C. § 1983 – EXCESSIVE FORCE

32. Plaintiff realleges and incorporates paragraphs 1 – 31, as if fully set forth herein.

33. Count I is brought against Officer Simmons in his individual capacity and in his official capacity as a police officer of the VBPD.

34. Officer Simmons used lethal force against Mr. Lynch, who was innocent, posed no danger to Officer Simmons or anyone else, and was unmistakable for another human being due to his enormous size and weight.

35. The shooting was motivated at least in part by Mr. Lynch's race as a Black man. The shooting further constituted an excessive and unreasonable use of force under the totality of the circumstances, and it deprived Mr. Lynch of remedies, privileges and immunities guaranteed to every citizen of the United States, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

36. At all relevant times, Officer Simmons was acting as an agent, servant, and/or employee of Virginia Beach. In his individual and official capacities, Officer Simmons acted within the scope of his employment as a VBPD officer and under pretense and color of state law.

37. As a direct and proximate result of Officer Simmons's unreasonable and wrongful use of force that violated Mr. Lynch's civil and constitutional rights, Mr. Lynch died on March 27, 2021.

38. Officer Simmons's acts were beyond the scope of his jurisdiction, without authority of law, and in abuse of his powers.

39. No reasonable officer in Officer Simmons's position would have acted in the wrongful manner Officer Simmons did, under the circumstances presented on the night in question.

40. Officer Simmons acted willfully, knowingly, and with specific intent to deprive Mr. Lynch of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

COUNT II – 42 U.S.C. § 1983 – FAILURE TO PROPERLY TRAIN AND SUPERVISE

(Virginia Beach's Custom and Policy)

41. Plaintiff realleges and incorporates paragraphs 1 – 40, as if fully set forth herein.

42. Count II is brought against Virginia Beach.

43. Upon information and belief, prior to the death of Mr. Lynch, Virginia Beach had a custom or policy of failing to properly train, instruct, and/or supervise its police officers, including Officer Simmons, as to the proper circumstances under which to draw a firearm and/or use deadly force, or to as to the proper techniques for exhausting all reasonable alternatives before using deadly force, including but not limited to professional presence/identification, verbalization, soft control techniques, intermediate techniques, hard control techniques, and/or non-lethal force.

44. Upon information and belief, Virginia Beach was aware that its inadequate policies and practices made it substantially more likely that innocent individuals like Mr. Lynch would be subjected to unreasonable and/or deadly force by Virginia Beach Police Officers.

45. Such inadequate training, instruction, and/or supervision constitutes deliberate indifference on the part of Virginia Beach to the rights of those persons, including Mr. Lynch, whom its police officers are likely to encounter.

46. As a direct and proximate result of Virginia Beach failing to perform its ministerial duties as stated above, Mr. Lynch was subjected to the unlawful use of deadly force by Officer Simmons, and was thereby deprived of his civil rights as guaranteed under the United States Constitution, and state and federal statutes.

## COUNT III – GROSS NEGLIGENCE

47. Plaintiff realleges and incorporate paragraphs 1 – 46, as if fully set forth herein.

48. Count III is brought against Officer Simmons in his individual capacity and in his official capacity as a police officer of the VBPD.

49. During the incident in question, it was Officer Simmons's duty as a sworn police officer in the Commonwealth of Virginia to act with reasonable care and due regard for persons within the community, including Mr. Lynch.

50. Without limitation, Officer Simmons breached said duty in the following particulars:

   a. Failed to make a reasonable inquiry into Mr. Lynch's identity or motivation prior to using deadly force, even though Mr. Lynch was innocent of any offense, was not acting in a threatening manner, and was unmistakable for another human being due to his enormous size and weight;

   b. Failed to identify himself as a Virginia Beach police officer prior to firing his weapon at Mr. Lynch;

   c. Failed to attempt to stop or halt Mr. Lynch, or use other non-lethal force to ascertain the situation prior to using deadly force;

    d. Failed to make a reasonable effort to determine whether Mr. Lynch posed a viable threat prior to firing his weapon;

    e. Failed to exhaust all other reasonable alternatives before using deadly force, including but not limited to professional presence/identification, verbalization, soft control techniques, intermediate techniques, hard control techniques, and/or less lethal force;

    f. Failed to use only that level of force necessary to successfully accomplish legitimate police functions and/or objectives and which was commensurate with the level of threat presented;

    g. Failed to use a reasonable type and degree of force based upon the facts of the situation and that was commensurate with the level of threat presented;

    h. Failed to render life-saving medical aide and/or failed to cause others to render life-saving medical aide to Mr. Lynch after shooting him twice; and

    i. Breached his duty to Mr. Lynch in such other respects that will become known through the course of discovery.

51. The aforesaid conduct and actions of Officer Simmons demonstrated such an indifference to Mr. Lynch as to constitute an utter disregard of caution or prudence, amounting to a complete neglect of the safety of Mr. Lynch. Officer Simmons's gross negligence, as described herein, is conduct that would shock the conscience of fair-minded people.

52. As a direct and proximate result of Officer Simmons's aforesaid conduct, Mr. Lynch died on March 27, 2021.

53. As a further direct and proximate result of the conduct of Officer Simmons, Plaintiff claims additional damages for medical expenses; reasonable funeral expenses; sorrow, mental

anguish, and solace, including loss of society, companionship, comfort, guidance, kindly offices and advice; compensation for reasonably expected loss of income of the decedent; and such other damages as set forth pursuant to Virginia Code § 8.01-52.

54. Plaintiff is a statutory beneficiary of Donovon W. Lynch, Deceased.

### COUNT IV – ASSAULT AND BATTERY

55. Plaintiff realleges and incorporates paragraphs 1 – 54, as if fully set forth herein.

56. Count IV is brought against Officer Simmons in his individual capacity and in his official capacity as a police officer of the VBPD.

57. In the course of shooting Mr. Lynch on March 26, 2021, Officer Simmons committed an assault and battery against Mr. Lynch, i.e., by discharging at least two bullets from his police-issued weapon that struck Mr. Lynch in an offensive manner against his will, and/or by placing Mr. Lynch in reasonable fear that he may receive further imminent bodily harm and/or injury.

58. Said conduct on the part of Officer Simmons was committed without legal justification or excuse.

59. As a direct and proximate result of Officer Simmons's aforesaid conduct, Mr. Lynch was injured on March 26, 2021, and died on March 27, 2021.

60. As a further direct and proximate result of the conduct of Officer Simmons, Plaintiff claims additional damages for medical expenses; reasonable funeral expenses; sorrow, mental anguish, and solace, including loss of society, companionship, comfort, guidance, kindly offices and advice; compensation for reasonably expected loss of income of the decedent; and such other damages as set forth pursuant to Virginia Code § 8.01-52.

61. Plaintiff is a statutory beneficiary of Donovon W. Lynch, Deceased.

## COUNT V - SURVIVORSHIP

62. Plaintiff realleges and incorporates paragraphs 1 – 61, as if fully set forth herein.

63. Count V is brought against Officer Simmons in his individual capacity and in his official capacity as a police officer of the VBPD.

64. The aforesaid acts and omissions of Officer Simmons proximately caused Mr. Lynch to suffer great pain and anguish from the time he was shot by Officer Simmons until the time of his death on March 27, 2021.

65. As a direct and proximate cause of the aforesaid acts and omissions of Officer Simmons, the Estate of Donovon W. Lynch is entitled to damages for the significant pain and suffering that Mr. Lynch endured while still alive.

## COUNT VI – VIRGINIA CODE § 8.01-50, *et seq.* – WRONGFUL DEATH

66. Plaintiff realleges and incorporates paragraphs 1- 61, as if fully set forth herein.

67. Count VI is brought against Officer Simmons in his individual capacity and in his official capacity as a police officer of the VBPD.

68. Mr. Lynch's death was caused by the wrongful, reckless, grossly negligent, and/or excessive use of force by Officer Simmons.

69. Had Mr. Lynch survived Officer Simmons's wrongful, reckless, grossly negligent, and/or excessive use of force, he would have been entitled to maintain an action against him and recover damages in respect thereof.

70. As a further direct and proximate result of Officer Simmons's aforesaid acts and omissions, Plaintiff claims additional damages for medical expenses; reasonable funeral expenses; sorrow, mental anguish, and solace, including loss of society, companionship, comfort,

guidance, kindly offices and advice; compensation for reasonably expected loss of income of the decedent; and such other damages as set forth pursuant to Virginia Code § 8.01-52.

71. Plaintiff is a statutory beneficiary of Donovon W. Lynch, Deceased.

### COUNT VII - PUNITIVE DAMAGES

72. Plaintiff realleges and incorporates paragraphs 1 – 71, as if fully set forth herein.

73. Count VII is brought against Officer Simmons in his individual capacity and in his official capacity as a police officer of the VBPD.

74. The acts and omissions of Officer Simmons that directly and/or proximately caused the death of Mr. Lynch, including but not limited to the application of deadly force against Mr. Lynch, constituted acts and omissions which under the circumstances amounted to a willful, wanton, reckless, malicious, brutal, and violent disregard of the rights and safety of Mr. Lynch and for which an award of punitive damages is warranted.

75. As a direct and proximate result of the aforesaid conduct, Mr. Lynch was deprived of his civil rights as guaranteed under the United States Constitution, and state and federal statutes; and Mr. Lynch died on March 27, 2021.

76. As a further direct and proximate result of the conduct of Officer Simmons as aforesaid, plaintiff claims an award of punitive damages pursuant to Virginia Code § 8.01-52.

77. Plaintiff is a statutory beneficiary of Donovon W. Lynch, Deceased.

WHEREFORE, Plaintiff, Wayne B. Lynch, Administrator of the Estate of Donovon W. Lynch, Deceased, by counsel, demands judgment against Defendants, Solomon D. Simmons, III, a/k/a, Solomon D. Simmons, individually and in his official capacity as a police officer for the City of Virginia Beach and the City of Virginia Beach, jointly and severally, for damages in the amount of Fifty Million Dollars ($50,000,000.00), together with the cost of this action, attorneys'

fees, prejudgment interest from March 26, 2021, and any other relief this Court deems just, proper and equitable. Plaintiff further requests punitive damages be awarded against Defendant, Solomon D. Simmons, III, a/k/a, Solomon D. Simmons, individually and in his official capacity as a police officer for the City of Virginia Beach, in the amount of Three Hundred Fifty Thousand Dollars ($350,000.00).

Finally, Plaintiff demands a trial by jury.

**WAYNE B. LYNCH,**
**ADMINISTRATOR OF THE ESTATE**
**OF DONOVON W. LYNCH, DECEASED**

By: _____/s/_____
Joshua J. Coe, VSB# 80236
Anthony M. Gantous, VSB# 78186
ANCHOR LEGAL GROUP, PLLC
5101 Cleveland Street, Suite 100
Virginia Beach, VA 23462
Telephone: (757) 529-0000
Facsimile: (757) 909-7241
Email: jcoe@anchorlg.com
          anthony@anchorlg.com


Alex Spiro, (*Pro Hac Vice* Pending)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7200
Facsimilie: (212) 849-7100
Email: alexspiro@quinnemanuel.com

*Counsel for Plaintiff*