IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WAYNE B. LYNCH, Administrator of the
Estate of Donovon W. Lynch, Deceased,

    Plaintiff,

v.   Case No. 2:21-cv-00341

SOLOMON D. SIMMONS, III,
a/k/a SOLOMON D. SIMMONS,
Individually and in his Official Capacity
as a Police Officer for the
City of Virginia Beach, Virginia,
and
CITY OF VIRGINIA BEACH,

    Defendants.

## ANSWER AND GROUNDS OF DEFENSE TO AMENDED COMPLAINT

NOW COMES Defendant Solomon D. Simmons, III ("Officer Simmons") by counsel and states as his Answer and Grounds of Defense to the Amended Complaint filed in this matter as follows:

### Introduction

1.  Officer Simmons admits the allegation of paragraph 1 that he shot Donovan W. Lynch ("Mr. Lynch"), but denies the allegation that the shooting was unlawful as Officer Simmons acted reasonably and with appropriate lethal force under the circumstances of his encounter with Mr. Lynch. Officer Simmons is without knowledge or information to admit or deny the remaining allegations of paragraph 1.

2.  Officer Simmons admits the allegation of paragraph 2 that he shot Mr. Lynch twice on March 26, 2021 and avers that the use of lethal force was justified under the circumstances of his encounter with Mr. Lynch. Officer Simmons is without knowledge or

information to admit or deny the remaining allegations of paragraph 2.

3. Officer Simmons admits the allegation of paragraph 3 that he was on his way to respond to "an incident" when Mr. Lynch was shot. Officer Simmons denies the remaining allegations of paragraph 3.

4. Paragraph 4 alleges the capacity in which Plaintiff brings this action which states a legal conclusion requiring no answer.

## Jurisdiction

5. Paragraph 5 alleges this court's jurisdiction over the claim made pursuant to 42 U.S.C. § 1983. Officer Simmons does not contest this court's jurisdiction.

6. Paragraph 6 alleges this court's jurisdiction over pendant claims made pursuant to the laws of the Commonwealth of Virginia. Officer Simmons does not contest this court's jurisdiction.

7. Paragraph 7 alleges satisfaction of notice requirements necessary for filing claims against the City of Virginia Beach which notice requirements do not apply to the claims against Officer Simmons.

## Venue

8. Paragraph 8 alleges that venue is proper in this judicial district. Officer Simmons does not contest the propriety of venue.

9. Paragraph 9 alleges that venue is proper in this judicial division. Officer Simmons does not contest the propriety of venue.

## Parties

10. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 10.

11. Officer Simmons is without knowledge or information sufficient to admit or deny

the allegations of paragraph 11.

12. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 12.

13. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 13.

14. Officer Simmons admits the allegations of paragraph 14.

15. Officer Simmons admits the allegations of paragraph 15 and avers that because the Complaint names the City of Virginia Beach as a defendant, the suit against Officer Simmons in his official capacity is duplicative and should be dismissed.

16. Officer Simmons admits the allegations of paragraph 16.

17. Officer Simmons admits the allegations of paragraph 17.

## Factual Allegations

18. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 18.

19. Officer Simmons admits the allegations of paragraph 19.

20. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 20.

21. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 21.

22. Officer Simmons admits the allegation of paragraph 22 that Mr. Lynch encountered Officer Simmons. Officer Simmons is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 22.

23. Officer Simmons admits that he encountered Mr. Lynch during an active shooter situation. Officer Simmons avers that he heard what sounded to him like the slide of a handgun

placing a bullet into the chamber, turned in the direction of the sound and observed Mr. Lynch crouching behind shrubbery. Officer Simmons avers that he called out, whereupon Mr. Lynch rose and turned with a firearm in hand and pointed in Officer Simmons' direction. Officer Simmons admits that he then fired his police issued firearm and that two shots struck Mr. Lynch. Officer Simmons admits that Mr. Lynch later died. Officer Simmons avers that at the time he discharged his weapon he feared for his life and the lives of other officers and citizens in the vicinity. Officer Simmons denies the remaining allegations of paragraph 23.

24. Officer Simmons is without knowledge or information to admit or deny the allegations of paragraph 24 except that Officer Simmons denies that Mr. Lynch was "unmistakable as anyone else."

25. Officer Simmons denies the allegations of paragraph 25 and avers that, during the course of responding to multiple shootings and ongoing gunfire Officer Simmons heard what sounded to him like the slide of a handgun placing a bullet into the chamber, turned in the direction of the sound and observed Mr. Lynch crouching behind shrubbery. Officer Simmons further avers that he called out, whereupon Mr. Lynch rose and turned with a firearm in hand and pointed in Officer Simmons' direction, at which time Officer Simmons, reasonably fearing for his life and facing an armed individual in an active shooting situation, fired at Mr. Lynch.

26. Officer Simmons denies the allegations of paragraph 26 and avers that, while he does not recall his exact language, he called out to Mr. Lynch prior to firing.

27. Officer Simmons admits the allegation of paragraph 27 that he did not attempt to determine the identity of Mr. Lynch prior to firing his police issued firearm and avers that the circumstances of his encounter did not allow sufficient time to determine Mr. Lynch's identity.

I-1805396.1

Officer Simmons denies the remaining allegations of paragraph 27.

28.     Officer Simmons admits the allegations of paragraph 28 that he shot Mr. Lynch with his department-issued firearm, and that Mr. Lynch later died.  Officer Simmons denies the allegation that he "jumped" to the use of his firearm in violation of Virginia Beach Police policies and avers that he heard what sounded to him like the slide of a handgun placing a bullet into the chamber, turned in the direction of the sound and observed Mr. Lynch crouching behind shrubbery.  Officer Simmons further avers that he called out, whereupon Mr. Lynch rose and turned with a firearm in hand pointed in Officer Simmons' direction, at which time Officer Simmons fired his police issued firearm.  Officer Simmons further avers that at the time he discharged his weapon he reasonably feared for his life and the lives of other officers and citizens in the vicinity.

29.     Officer Simmons admits the allegations of paragraph 29.

30.     Officer Simmons admits the allegations of paragraph 30 that he did not activate his Body Worn Camera ("BWC"), but avers that he did not do so because from the time he left his police cruiser to the time of Mr. Lynch's shooting there existed the threat of deadly force on which Officer Simmons' attention was focused, as Officer Simmons was proceeding in the direction of ongoing gunfire as part of an attempt to protect the general public and with firsthand knowledge that civilians had been shot having rendered aid to one such shooting victim earlier that evening.

31.     Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 31.

32.     Officer Simmons admits the allegation of paragraph 32 that he did not activate his BWC after the shooting as explained in paragraph 30 above, and avers that other officers tended

to Mr. Lynch after the shooting as Officer Simmons was removed from the scene.

33. Officer Simmons denies the allegations of paragraph 33 and avers that he did not activate his BWC as explained in his response to paragraph 30, above. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 33 with regard to observations by the City Auditor.

34. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 34.

35. Officer Simmons denies the allegations of paragraph 35.

36. Officer Simmons denies the allegations of paragraph 36.

37. Officer Simmons denies the allegations of paragraph 37 and avers that, pursuant to police policy, other officers attended to Mr. Lynch after Mr. Lynch was shot while Officer Simmons was removed from the scene.

38. Officer Simmons admits the allegations of paragraph 38 that Mr. Lynch died as a result of the shooting and avers that Mr. Lynch contributed to his death by (a) entering into an active shooting zone, (b) crouching unannounced behind shrubbery, (c) arming himself with a weapon, (d) placing a bullet into the chamber of the weapon during an active shooting situation, (e) rising and turning toward a police officer with the loaded weapon in hand, a bullet in the chamber, and pointed at police officers, (f) all while, on information and belief, Mr. Lynch was under the influence of alcohol.

39. Officer Simmons denies the allegations of paragraph 39.

40. Officer Simmons denies the allegations of paragraph 40.

41. Officer Simmons denies the allegations of paragraph 41 that his actions were contrary to those of an appropriately trained and supervised officer, and avers that he heard what

sounded to him like the slide of a handgun placing a bullet into the chamber, turned in the direction of the sound and observed Mr. Lynch crouching behind shrubbery. Officer Simmons further avers that he called out, whereupon Mr. Lynch rose and turned with a firearm in hand and pointed in Officer Simmons' direction. Officer Simmons admits that he then fired his police issued firearm and that two shots struck Mr. Lynch. Officer Simmons admits that Mr. Lynch later died. Officer Simmons avers that at the time he discharged his weapon he feared for his life and the lives of other officers and citizens in the vicinity. Officer Simmons denies the remaining allegations of paragraph 41.

42. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 42.

43. Officer Simmons denies the allegations paragraph 43.

44. Officer Simmons is without knowledge or information sufficient to submit or deny the allegations of paragraph 44 concerning an article published 30 years ago, before Officer Simmons was born.

45. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 45 concerning incidents in which Officer Simmons was not involved, except that Officer Simmons denies that there is a "situation" in Virginia Beach involving a pattern of police misconduct.

46. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 46 involving incidents in which Officer Simmons was not involved except that Officer Simmons denies that there is any "pattern" of police misconduct in Virginia Beach.

47. Officer Simmons is without knowledge or information sufficient to admit or deny

the allegation of paragraph 47 concerning statements from an unidentified attorney involving an unidentified man as reported on Good Morning America.

## **Count I - 42 U.S.C. § 1983 - Excessive Force**

48. As his response to paragraph 48, Officer Simmons repeats and realleges his response to paragraphs 1 through 47.

49. Paragraph 49 alleges the capacity in which Officer Simmons has been sued and requires no answer.

50. Officer Simmons admits the allegation of paragraph 50 that he used lethal force against Mr. Lynch, but denies the remaining allegations of paragraph 50 and avers that he acted reasonably and with appropriate lethal force under the circumstances of the encounter with Mr. Lynch.

51. Officer Simmons denies the allegations of paragraph 51.

52. Officer Simmons admits the allegations of paragraph 52.

53. Officer Simmons denies the allegations of paragraph 53.

54. Officer Simmons denies the allegations of paragraph 54.

55. Officer Simmons denies the allegations of paragraph 55.

56. Officer Simmons denies the allegations of paragraph 56.

## **Count II - 42 U.S.C. § 1983 - Failure to Properly Train and Supervise**

57. As his response to paragraph 57, Officer Simmons repeats and realleges his response to paragraphs 1 through 56.

58. Officer Simmons admits the allegations of paragraph 58.

59. Officer Simmons denies the allegations of paragraph 59.

60. Officer Simmons denies the allegations of paragraph 60.

61. Officer Simmons denies the allegations of paragraph 61.

62. Officer Simmons denies the allegations of paragraph 62.

63. Officer Simmons denies the allegations of paragraph 63.

64. Officer Simmons denies the allegations of paragraph 64.

65. Officer Simmons denies the allegations of paragraph 65.

66. Officer Simmons admits that paragraph 66 quotes certain excerpted portions of the Virginia Code, the Virginia Beach Police Department General Orders and publications from the Commission on Accreditation for Law Enforcement Agencies ("CALEA") and avers that those documents and publications speak for themselves.

67. Officer Simmons admits that paragraph 67 quotes from Operational General Order 5.01 and publications of the CALEA, and avers that those documents and publications speak for themselves.

68. Officer Simmons denies the allegations of paragraph 68.

69. Officer Simmons admits the allegation of paragraph 69 that he did not attempt any non-lethal force options as the circumstances of his encounter with Mr. Lynch did not allow him to do so, which circumstances included Officer Simmons' reasonable belief that Mr. Lynch had placed a bullet in the chamber of his handgun in an active shooting situation facing Officer Simmons with the loaded weapon in his hand which weapon was pointed in Officer Simmons' direction.

70. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 70.

71. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 71 except that Officer Simmons denies the allegation that he was not trained in the proper use of lethal force.

72. Officer Simmons admits the allegations of paragraph 72 except that Officer Simmons denies that the change in policies represented a "correction."

73. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 73.

74. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 74.

75. Officer Simmons denies the allegations of paragraph 75.

76. Officer Simmons denies the allegations of paragraph 76.

77. Officer Simmons denies the allegations of paragraph 77.

78. Officer Simmons denies the allegations of paragraph 78.

79. Officer Simmons denies the allegations of paragraph 79.

80. Officer Simmons denies the allegations of paragraph 80.

81. Officer Simmons denies the allegations of paragraph 81.

82. Officer Simmons denies the allegations of paragraph 82.

### **Count III - Gross Negligence**

83. As his response to paragraph 83, Officer Simmons repeats and realleges his response to paragraphs 1 through 82.

84. Paragraph 84 alleges the capacity in which Officer Simmons has been sued and requires no answer.

85. Officer Simmons admits the allegations of paragraph 85.

86. Officer Simmons denies the allegations of paragraph 86, including the allegations that he breached any applicable duty, and avers that he acted reasonably and with appropriate lethal force under the circumstances of the encounter with Mr. Lynch.

87. Officer Simmons denies the allegations of paragraph 87.

88. Officer Simmons admits the allegation of paragraph 88 that Mr. Lynch died as a result of the shooting but avers that he acted reasonably and with appropriate force under the circumstances of the encounter with Mr. Lynch and avers that Mr. Lynch contributed to his death by (a) entering into an active shooting zone, (b) crouching unannounced behind shrubbery, (c) arming himself with a weapon, (d) placing a bullet into the chamber of the weapon during an active shooting situation, (e) rising and turning toward a police officer with the loaded weapon in hand, a bullet in the chamber, pointed at police officers , (f) all while, on information and belief, Mr. Lynch was under the influence of alcohol.

89. Officer Simmons denies the allegations of paragraph 89.

90. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 90.

### Count IV - Assault and Battery

91. As his response to paragraph 91, Officer Simmons repeats and realleges his response to paragraphs 1 through 90.

92. Paragraph 92 alleges the capacity in which Officer Simmons has been sued and requires no answer.

93. Officer Simmons denies the allegations of paragraph 93 and avers that he acted reasonably and with appropriate force under the circumstances of the encounter with Mr. Lynch.

94. Officer Simmons denies the allegations of paragraph 94 and avers that he acted reasonably and with appropriate force under the circumstances of the encounter with Mr. Lynch.

95. Officer Simmons admits the allegations of paragraph 95 that Mr. Lynch died as a result of Officer Simmons' conduct but avers that he acted reasonably and with appropriate force under the circumstances of the encounter with Mr. Lynch and that Mr. Lynch contributed to his death by (a) entering into an active shooting zone, (b) crouching unannounced behind shrubbery,

(c) arming himself with a weapon, (d) placing a bullet into the chamber of the weapon during an active shooting situation, (e) rising and turning toward a police officer with the loaded weapon in hand, a bullet in the chamber, pointed at police officers, (f) all while, on information and belief, Mr. Lynch was under the influence of alcohol.

96. Officer Simmons denies the allegations of paragraph 96.

97. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 97.

### Count V - Survivorship

98. As his response to paragraph 98, Officer Simmons repeats and realleges his response to paragraphs 1 through 97.

99. Paragraph 99 alleges the capacity in which Officer Simmons has been sued and requires no answer.

100. Officer Simmons denies the allegations of paragraph 100.

101. Officer Simmons denies the allegations of paragraph 101.

### Count VI - Va. Code § 8.01-50, *et seq.* - Wrongful Death

102. As his response to paragraph 102, Officer Simmons repeats and realleges his response to paragraphs 1 through 101.

103. Paragraph 103 alleges the capacity in which Officer Simmons has been sued and requires no answer.

104. Officer Simmons denies the allegations of paragraph 104.

105. Officer Simmons denies the allegations of paragraph 105.

106. Officer Simmons denies the allegations of paragraph 106.

107. Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 107.

## Count VII - Punitive Damages

108.  As his response to paragraph 108, Officer Simmons repeats and realleges his response to paragraphs 1 through 107.

109.  Paragraph 109 alleges the capacity in which Officer Simmons has been sued and requires no answer.

110.  Officer Simmons denies the allegations of paragraph 110 and avers that "Punitive Damages" is not an individual cause of action.

111.  Officer Simmons denies the allegations of paragraph 111 and avers that "Punitive Damages" is not an individual cause of action.

112.  Officer Simmons denies the allegations of paragraph 112 and avers that "Punitive Damages" is not an individual cause of action.

113.  Officer Simmons is without knowledge or information sufficient to admit or deny the allegations of paragraph 113 and avers that "Punitive Damages" is not an individual cause of action.

## Affirmative Defenses

1.  As his first affirmative defense, Officer Simmons avers that he is entitled to qualified immunity for the following reasons:

    (a)  Officer Simmons had probable cause to believe and reasonably believed that Mr. Lynch posed a threat of serious physical harm either to Officer Simmons or to others such that he was authorized to use lethal force;

    (b)  Officer Simmons' use of lethal force under the circumstances of his encounter with Mr. Lynch did not violate clearly established law;

    (c)  considering the totality of the circumstances, including the amount of time available for him to act, Mr. Lynch's possession of a deadly weapon, and the exigencies of the

circumstances, including multiple civilian shootings, ongoing gunfire and attack on officers, Officer Simmons' conduct was reasonable from the perspective of a reasonable law-enforcement officer on the scene at the time of the incident;

   (d) it was not feasible under the circumstances of Officer Simmons' encounter with Mr. Lynch to provide a warning regarding the use of lethal force; and

   (e) under the circumstances of Officer Simmons' encounter with Mr. Lynch, there were no other options available other than the immediate use of lethal force.

   2. As his second affirmative defense, Officer Simmons avers that, considering the totality of the circumstances, his conduct was reasonable, including reasonable from the perspective of a reasonable law enforcement officer on the scene at the time of the incident.

   3. As his third affirmative defense, Officer Simmons avers that at all times during his encounter with Mr. Lynch, including his use of lethal force, he was operating in compliance with Virginia Beach Police Department General Order 5.01 governing use of force.

   4. As his fourth affirmative defense, Officer Simmons avers that Mr. Lynch was negligent in contributing to his injury and death by (a) entering an active shooting situation, (b) crouching unannounced behind shrubbery, (c) arming himself with a lethal weapon, (d) placing a bullet into the chamber of the weapon during an active shooting situation, (e) rising and turning toward police officers with the loaded weapon, bullet in chamber, pointed at police officers, (f) all while, on information and belief, Mr. Lynch was under the influence of alcohol.

   5. As his fifth affirmative defense, Officer Simmons avers that his actions were taken in self-defense.

   6. As his sixth affirmative defense, Officer Simmons avers that his actions were taken in defense of others.

7. As his seventh affirmative defense, Officer Simmons avers that Mr. Lynch assumed the risk of his injuries and death, and such assumption was a proximate cause of his injuries, death and damages.

Dated: August 23, 2021    Respectfully submitted,

SOLOMON D. SIMMONS, III

By: /s/ Gary A. Bryant
Gary A. Bryant (VSB No. 27558)
Jason E. Ohana (VSB No. 82485)
Bethany J. Fogerty (VSB No. 94753)
Counsel for Solomon D. Simmons, III
Willcox & Savage, PC
440 Monticello Ave., Ste. 2200
Norfolk, Virginia 23510
(757) 628-5500 Telephone
(757) 628-5566 Facsimile
gbryant@wilsav.com
johana@wilsav.com
bfogerty@wilsav.com

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

By /s/
Gary A. Bryant (VSB No. 27558)
Jason E. Ohana (VSB No. 82485)
Bethany J. Fogerty (VSB No. 94753)
Counsel for Solomon D. Simmons, III
Willcox & Savage, PC
440 Monticello Ave., Ste. 2200
Norfolk, Virginia 23510
(757) 628-5500 Telephone
(757) 628-5566 Facsimile
gbryant@wilsav.com
johana@wilsav.com
bfogerty@wilsav.com