# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| **WAYNE B. LYNCH, Administrator of the Estate of DONOVAN W. LYNCH, Deceased**<br><br>Plaintiff,<br><br>v.<br><br>**SOLOMON D. SIMMONS, III**<br><br>and<br><br>**CITY OF VIRGINIA BEACH**<br><br>Defendants. | **Civil Action No. 2:21-cv-341** |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the stipulation of the parties by their respective attorneys, it is ORDERED that:

1. The purpose of this Order and agreement is to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality.

2. This Order governs the handling of all documents, testimony and information produced, given or filed herein by the parties and designated or considered "CONFIDENTIAL" under this order.

3. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information. The fact that information is or is not designated "CONFIDENTIAL" under this Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

4. Without further involvement of the Court, the following materials shall be

1

deemed "CONFIDENTIAL" regardless of whether they are so marked:

   a)   Personnel files;

   b)   Medical records, including medical provider information;

   c)   Taxpayer identification numbers;

   d)   Social security numbers;

   e)   Dates of birth; and

   f)   Home addresses.

5. Any party may also designate as "CONFIDENTIAL" any materials produced in this action, including any document, any answer to interrogatories or other discovery requests in this action, or any portion of any deposition (including exhibits) in this action, that contain any confidential, proprietary, personal, or similar information as such materials have been protected by the Courts (i.e., personnel records, medical records, tax records, non-public financial records, police tactics, police training, police operational guides and manuals, and proprietary or trade secret documents). The designation of any information or document as "CONFIDENTIAL" shall be made in good faith.

6. Parties may designate materials as confidential by writing, typing or stamping the word "CONFIDENTIAL" (or words to that effect) on the face or otherwise in the title of any materials upon their initial production to the opposing party.

7. The parties may designate deposition testimony or portions thereof as "CONFIDENTIAL" by so designating such testimony before, during or after the deposition. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record, or filed under seal with the Court.

8. In the event such "CONFIDENTIAL" material is later introduced into

evidence or considered by the Court, neither the designation "CONFIDENTIAL" nor the fact of such designation shall be admitted into evidence or considered by the Court, other than for the Court's consideration of disputes under this Order.

9. In the event materials are produced herein which, in a party's opinion, should have been, but was not, designated as "CONFIDENTIAL," such party may designate such material as "CONFIDENTIAL" by notifying counsel for all parties of this designation as soon as possible. Upon receipt of such notification, all parties shall treat such materials as "CONFIDENTIAL," and attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had such documents been designated as "CONFIDENTIAL" to begin with.

10. Should a party object to the designation of material as "CONFIDENTIAL" that party shall give written notice of such objection to the other party. Within fourteen (14) days, counsel shall confer in good-faith to attempt to resolve such objections. If no resolution is reached, the party seeking such designation of material as "CONFIDENTIAL" may apply to this Court for a ruling whether the material in question should be treated as "CONFIDENTIAL" under this Order. Pending the Court's ruling, the parties shall treat the document as "CONFIDENTIAL" as provided under this Protective Order.

11. Except under further Order of this Court, material designated or considered "CONFIDENTIAL" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to any person, except the Court (including the clerk's office), the trier of fact, the parties, counsel for the parties, their staff members, their professional and para-professional employees, and any experts associated by the parties regarding this action. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity. Prior to any such disclosure to an expert witness, counsel shall inform the expert of the provisions of this Order and obtain his or her written agreement to be bound by this Order (to which a copy of this Order shall be attached).

12. Notwithstanding the provisions of the preceding paragraph, the parties may

disclose to persons who may be called as witnesses in the case during trial or discovery facts or information contained in "CONFIDENTIAL" material that counsel believe in good faith to be necessary for adequate preparation or presentation of the case, provided, however, counsel shall not disclose the source of the information or the existence of the "Confidential" document unless the witness is the author or recipient of such document.

13. All documents and materials filed with the Court which comprise or contain designated confidential material, or information taken therefrom, shall be filed in accordance with the Local Rules of the Eastern District of Virginia and be filed in sealed envelopes or other appropriately sealed containers on which shall state the title of this action, an indication of the nature of the contents of such sealed materials, the word "CONFIDENTIAL," and a statement substantially in the following form: "This envelope contains documents subject to a Protective Order entered in this action. It is not to be opened nor the contents thereof to be displayed, revealed, or made public, except by order of the Court." No such sealed envelope shall be opened without an order from the Court identifying by name the person or persons who may have access to the sealed material, and specifically designating which portions of the sealed file may be revealed to them.

14. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

15. Upon final termination of this action, including any appeals, unless otherwise agreed to in writing by an attorney of record for the designating party, each party, upon request by any other party, shall assemble and return all material designated "CONFIDENTIAL," including all copies, abstracts or summaries thereof, to the party from whom the designated material was obtained.

16. Nothing in this Order shall prevent a party from any use of her or its own

confidential documents, nor does it affect any non-party witnesses who have independent knowledge of confidential information that was not obtained or produced pursuant to this Order.

17. This Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege. Further, the provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

18. This Order contemplates that the parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order.

19. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of either party to challenge the propriety of discovery on other grounds.

The Clerk is directed to send copies of this Order to counsel of record.

ENTERED: / /

_____
United States Magistrate Judge

We ask for this:

/s/ Gerald L. Harris
**Mark D. Stiles (VSB No. 30683)**
City Attorney
**Christopher S. Boynton (VSB No. 38501)**
Deputy City Attorney
**Gerald L. Harris (VSB No. 80446)**
Senior City Attorney
**Joseph M. Kurt (VSB No. 90854)**
Assistant City Attorney
Office of the City Attorney
Municipal Center, Building One, Room 260 2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-4531 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com

cboynton@vbgov.com
glharris@vbgov.com
jkurt@vbgov.com
Attorneys for Defendant City of Virginia Beach

Seen and agreed:

/s/Anthony Gantous
Joshua J. Coe, VSB# 80236
Anthony M. Gantous, VSB# 78186
ANCHOR LEGAL GROUP, PLLC
5101 Cleveland Street, Suite 100
Virginia Beach, VA 23462
Telephone: (757) 529-0000
Facsimile: (757) 909-7241
jcoe@anchorlg.com
anthony@anchorlg.com
*Counsel for Plaintiff Estate of Donovon Lynch*

/s/ Gary Bryant
Gary A. Bryant (VSB No. 27558)
Jason E. Ohana (VSB No. 82485)
Bethany J. Fogerty (VSB No. 94753)
Counsel for Solomon D. Simmons, III
Willcox & Savage, PC
440 Monticello Ave., Ste. 2200
Norfolk, Virginia 23510
(757) 628-5500 Telephone
(757) 628-5566 Facsimile
gbryant@wilsav.com
johana@wilsav.com
bfogerty@wilsav.com

*Counsel for Defendant Solomon Simmons*