**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| WAYNE B. LYNCH, Administrator of the Estate of Donovon W. Lynch, Deceased, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 2:21-cv-00341 |
| SOLOMON D. SIMMONS, III, a/k/a, SOLOMON D. SIMMONS, Individually And In His Official Capacity As A Police Officer For The City Of Virginia Beach, Virginia, | ) ) ) ) ) ) |
| And | ) ) |
| CITY OF VIRGINIA BEACH, | ) ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO JEFFREY REICHERT

NOW COMES Plaintiff, Wayne B. Lynch, Administrator of the Estate of Donovon W. Lynch, deceased, by counsel, and in support of his contemporaneously filed Motion to Quash Subpoena to Jeffrey Reichert states as follows:

1. Defendant City of Virginia Beach ("the City") seeks to subpoena documents, information and objects from Jeffrey Reichert, an attorney[1] who assisted the Lynch family in

---

[1] Although Mr. Reichert has a personal relationship with the Lynch family, he is a Maryland licensed attorney who was using his knowledge and skill as an attorney to assist the Lynch family in investigating the tragic death of Donovon Lynch, deceased.

investigating the death of Donovon Lynch, deceased, soon after he was shot and killed by Defendant Solomon D. Simmons, III. (Subpoena attached as Exhibit A.)[2]

2. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) provides that this Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."

3. The subpoena issued to Mr. Reichert must be quashed because it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Specifically, the subpoena from the City seeks for Mr. Reichert to produce information "that in any way relate to Mr. Lynch and/or the shooting," including an itemized list of any physical evidence in his possession relating to the case. (Ex. A, pgs. 3-4, ¶ 1, 10.) It also seeks all documents and other items pertaining to Mr. Reichert's communications with potential witnesses in the case. (*Id.* at pg. 3, ¶¶ 2-5.) Further, it impermissibly seeks information concerning Mr. Reichert's media contacts, and people he interviewed in relation to the case (*Id.* at pg. 4, ¶¶ 6-9).

4. The information being sought by the City is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. *See, In Re: Grand Jury Subpoena,* 870 F.3d 312, 316-18 (4th Cir. 2017). The work product privilege "protects from discovery 'an attorney's work done in preparation for litigation'…and because the privilege protects 'not just the attorney-client relationship but the interests of attorneys to their own work product, the attorney, as well as the client, hold the privilege." *Id.* (quoting, *In Re: Grand Jury Proceedings #5,* 401 F.3d 247, 250 (4th Cir. 2005). Greater protection is afforded to

---

[2] While it does not appear as though Mr. Reichert has been properly served, the City has requested for him to comply with its subpoena by August 19, 2022.

opinion work product than to fact work product. Factual work product may be obtained by "showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *Id.* (citing, *In Re Grand Jury Proceedings, John Doe,* 102 F.3d 748, 750 (4th Cir. 1996). "Opinion work product, on the other hand…'enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances.'" *Id.* (quoting, *In Re John Doe,* 662 F.2d 1073, 1080 (4th Cir. 1981).

5. On its face, the City's subpoena to Mr. Reichert invades the attorney-client privilege and/or attorney work product doctrine. Commanding Mr. Reichert to produce documents that in any way relate to Donovon Lynch, the shooting, his files pertaining to potential witnesses in the case, and media records surely involve factual and opinion work product created in anticipation of the current litigation. Moreover, such documents or tangible things would surely involve communications with the Lynch family protected by the attorney-client privilege.

6. As such, Mr. Reichert's investigation into this matter as an attorney for the Lynch family – and the thoughts and opinions he formed based on that investigation – should be protected from disclosure pursuant to well-established federal case law surrounding the attorney-client privilege and attorney work product doctrine. *See, Upjohn Co. v. U.S.,* 449 U.S. 383, 400-01 (1981); *Hickman v. Taylor,* 329 U.S. 495, 512 (1947); *see also, In Re Grand Jury,* 870 F.3d at 317 (finding that "*Upjohn* and *Hickman* make clear that a lawyer's recollection of a witness interview [to include memories and written notes] constitutes opinion work product entitled to heightened protections").

WHEREFORE, Plaintiff, Wayne B. Lynch, Administrator of the Estate of Donovon W. Lynch, deceased, respectfully requests for this Court to enter an Order quashing the subpoena issued to Jeffrey Reichert by Defendant City of Virginia Beach.

**WAYNE B. LYNCH, ADMINISTRATOR OF THE ESTATE OF DONOVON W. LYNCH, DECEASED**

By: _____/s/_____
Joshua J. Coe, VSB# 80236
Anthony M. Gantous, VSB# 78186
ANCHOR LEGAL GROUP, PLLC
5101 Cleveland Street, Suite 100
Virginia Beach, VA 23462
Telephone: (757) 529-0000
Facsimile: (757) 909-7241
Email: jcoe@anchorlg.com
anthony@anchorlg.com

Alex Spiro, (*Pro Hac Vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7200
Facsimile: (212) 849-7100
Email:alexspiro@quinnemanuel.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the above document was filed on August 19, 2022, through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                      /s/_____
                                                       Anthony M. Gantous