# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

Estate of Donovon W. Lynch )
_____ )
*Plaintiff* )
v. ) Civil Action No. 2:21cv341
Solomon Simmons, III, et al. )
_____ )
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Jeffrey Reichart
3812 Bruce Road, Chesapeake, VA 23321

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents and materials requested in Exhibit A (attached)

| Place: Office of the City Attorney 2401 Courthouse Drive, Rm. 2098, Va. Beach, VA 23456 | Date and Time: AUGUST 19, 2022 @ 2:00PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/27/2022

*CLERK OF COURT*
OR

_____      /s/ Gerald L. Harris
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* City of Virginia Beach, VA , who issues or requests this subpoena, are:
Gerald L. Harris, 2401 Courthouse Drive, Rm. 2098, Va. Beach, VA 23456, glharris@vbgov.com, 757-385-8803

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:21cv341

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

  ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

  ☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                  _____
                      *Server's signature*

                  _____
                      *Printed name and title*

                  _____
                      *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

As used in this subpoena, the following terms and definitions shall apply:

1. "Document" or "Documents" means any writing, tangible things, stored information, electronic information, electronically stored information, or computer-stored information of any kind, including originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and identical copies where originals no longer exist, including without limitation, correspondence, memoranda, notes, charts, recordings, emails, voice mail messages, tapes, disks, microfilms, information stored on hard drive or other writing records, transcriptions, films, or graphic matters in whatever form.

2. "Concerning" means supports, evidences, describes, mentions, refers to, contradicts, relates to, or comprises.

3. "Communicate" or "communication" means every manner or means of disclosure, transfer, or exchange, including, without limitation, the dissemination of documents, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, e-mail, mail, text message, social media message, personal delivery, or otherwise.

4. "Person" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other associations separately identifiable, whether or not such association has a separate existence in its own right.

5. "Identify," "Identity," or "Identification" when used to refer to a natural person, means to state the following:

   (a) The person's full name and last known home address, home telephone number, business address, and business telephone number;

   (b) The person's present title and employer or other business affiliation.

6.     "You" or "Your" refers to Jeffrey Reichart.

7.     "Mr. Lynch" refers to Donovon W. Lynch.

8.     With respect to all terms used herein, the singular includes the plural number, and vice versa, the masculine includes the feminine and neuter genders, and the past tense includes the present tense where the clear meaning is not distorted.

## **INSTRUCTIONS**

1.     Whenever a document responsive to any request is regularly maintained as electronically stored information, provide it in the "native" file format in which you ordinarily maintain it, rather than a portable document format (hereinafter, "PDF") facsimile thereof, unless PDF is the format in which the document ordinarily is maintained. For each document produced in native file format, including PDF documents, also include all associated metadata.

2.     If any information required to respond to any request is withheld because you claim that such information is privileged, or is contained in a privileged document or communication:

(a)     Identify each document or communication;

(b)     Identify the privilege and set forth the factual basis for the privilege claimed;

(c)     Set forth each subparagraph of the request to which each such document or communication is responsive.

3.     If your answer to any request refers to or identifies a document that once existed, but it no longer exists, state the circumstances under which it was destroyed or ceased to exist, including:

(a)     The identity of each person who determined that each such document would be removed or destroyed;

(b) The identity of each person who authorized the destruction or removal of each such document;

(c) The identity of each person who removed or destroyed each such document;

(d) The substance and content of each such document;

(e) The date and location at which and the manner in which each such document was removed or destroyed.

## DOCUMENTS TO BE PRODUCED

Please produce the following:

1. All of your text messages, emails, voicemails, instant messages, social media posts, social media messages, and any other communications on or after March 26, 2021 that in any way relate to Mr. Lynch and/or the shooting.

2. All of your text messages, emails, voicemails, instant messages, cell phone call logs, and all communications and records of communications of any type between you and Todd Smith since March 26, 2021.

3. All of your text messages, emails, voicemails, instant messages, cell phone call logs, and all communications and records of communications of any type between you and Darrion Marsh since March 26, 2021.

4. All of your text messages, emails, voicemails, instant messages, cell phone call logs, and all communications and records of communications of any type between you and Kelvin Jones since March 26, 2021.

5. All of your text messages, emails, voicemails, instant messages, cell phone call logs, and all communications and records of communications of any type between you and Atisha Perdue since March 26, 2021.

6. All cell phone call logs showing phone calls between you and any employee or contractor of a media entity since March 26, 2021.

7. All cell phone call logs showing phone calls and all communications and records of communications of any type between you and any freelance journalist, blogger, or other individual who holds themselves out as a reporter.

8. All written communications, including but not limited to text messages, emails, instant messages, and records of communications of any type between you and any person you interviewed regarding the events of March 26, 2021.

9. Any audio recordings or transcription of audio recordings between you and any person you interviewed regarding the events of March 26, 2021

10. Identify and provide itemized listing of any physical evidence in your possession that relate to the events of March 26, 2021 and/or Mr. Lynch's death.

11. If you contend that any requested document or data item is privileged from disclosure under the attorney-client privilege or the litigation work product doctrine, provide an itemized privilege log identifying for each document or data item, the date it was generated, all participants (including cc's and bcc's) in the document or data item, the subject matter of the document or data item, and the privilege claimed.