UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| WAYNE B. LYNCH, Administrator of the Estate of DONOVON W. LYNCH, Deceased, <br><br>　　　　Plaintiff, <br><br>v. <br><br>SOLOMON D. SIMMONS, III, *et al.*, <br><br>　　　　Defendants. | Case No.: 2:21-cv-00341 <br><br> Magistrate Judge Robert J. Krask |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff Wayne B. Lynch's Counsels of Record Justin E. Fairfax, Esq. and Thomas B. Martin, Esq. hereby submit this Memorandum of Law in support of the Joint Motion to Enforce Settlement Agreement.

**INTRODUCTION**

On December 23, 2022, Counsels of record for the Plaintiff joined Defendants' Counsel in moving this Court to enforce the settlement agreement agreed upon and memorialized in the fully executed December 8, 2022 Memorandum of Understanding ("MOU"). We file this Memorandum in Support because non-party Jeffrey Reichert has sought again to replace undersigned counsel with his personal counsel in this case. While we believe granting this request would not only be an un-waivable conflict for the proposed substitute counsel, it is also against our client's interests.[1] This Memorandum in Support seeks to respectfully remind the

---

[1] The cost of undersigned counsels' representation, if terminated, would be *substantially* more expensive to the Estate, and opting for such would likely constitute legal waste by the Estate.

1

Court of its authority in this case, and we specifically ask this Court: (1) to find that there is a legally binding settlement agreement; (2) to order Plaintiff Wayne Lynch to endorse the settlement checks; (3) to order Martin Law PLLC to make distributions to the Estate's creditors and beneficiaries consistent with this Memorandum in Support; and (4) to thereupon dismiss this case with prejudice. To do otherwise would not be in the best interests of the Estate of Donovon W. Lynch and its beneficiaries and would also be contrary to the interests of justice and judicial efficiency.

## FACTS

On March 26, 2021, Donovan W. Lynch, son of Plaintiff Wayne B. Lynch, was shot and killed by Defendant Virginia Beach Police Officer Solomon D. Simmons, III near the Virginia Beach Oceanfront. On October 13, 2022, after over a year of litigation, Attorneys Anthony Gantous and Joshua Coe of Anchor Legal Group PLLC ("Anchor")[2] and Alexander Spiro of Quinn Emanuel withdrew as counsel for Plaintiff Wayne B. Lynch. On October 14, 2022, Attorneys Justin E. Fairfax and Thomas B. Martin filed Notices of Appearance with the Court to serve as counsel for Plaintiff Wayne B. Lynch, Administrator of the Estate of Donovon W. Lynch. On October 31, 2022, this Court held a hearing clarifying the appointment of Counsel and granted an order asserting that Justin E. Fairfax and Thomas B. Martin were Counsels of record for Plaintiff Wayne B. Lynch, Administrator of the Estate of Donovon W. Lynch. The Court further clarified on the record at the hearing the non-party status of an interested non-party related to the case, Jeffrey Reichert.[3]

---

[2] Anchor Law Group served both parties with its Notice of Lien on December 6, 2022 based on fees and expenses it represents it incurred during its representation of Plaintiff in this litigation.
[3] Mr. Reichert is not licensed to practice law in the Commonwealth of Virginia. Mr. Reichert also is not admitted to the Bar of the United States District Court for the Eastern District of Virginia.

Recent Procedural History

On December 8, 2022, the Parties and their Counsel of record voluntarily participated in a mediation session, presided over by Judge Michael Allen (Ret.). Following that mediation, the Parties and Counsel of record signed the MOU memorializing their agreement that the Estate would release Defendants of all current and future claims and dismiss the litigation with prejudice in exchange for a settlement payment of $3,000,000. The MOU stipulated that "[a]ny disputes arising under this agreement shall be submitted to U.S. Magistrate Judge Robert J. Krask for binding resolution, with the prevailing party awarded its costs to include reasonable attorneys' fees." The MOU further stated that "[b]y the endorsements below, it is the intent of all Parties to be bound by the terms of this agreement. Plaintiff [Wayne B. Lynch] agrees to be bound by the terms of this Memorandum of Understanding and the City upon formal approval of City Council, agrees to also be bound by these terms." The Agreement further stated that "[t]he Parties agree to work together and use best efforts to obtain Court approval of the settlement and distribution of the settlement funds."

Following execution of the MOU, Counsel for the Parties drafted and negotiated a Settlement Agreement and Release of All Claims consistent with the terms of the MOU. On December 19, 2022, Plaintiff filed a Notice of Settlement with this Court. On December 21, 2022, the Court ordered the Parties to file a Stipulated Settlement Agreement and Dismissal by December 23, 2022, further vacating the deadlines imposed under the Rule 16(b) Scheduling Order. On December 23, 2022, Counsel for the Parties filed a Joint Motion to Enforce Settlement Agreement because Jeffrey Reichert improperly and without legal basis had instructed Plaintiff

Wayne Lynch not to sign the Settlement Agreement and Release of All Claims. Mr. Reichert has not provided a reason – let alone a compelling or legally permissible one – for his opposition.

Because Counsels for the Parties are at an impasse with the Estate as a direct result of Mr. Reichert's interference and intransigence, we respectfully ask this Court to enforce the settlement over non-party Jeffrey Reichert's baseless objections.

## ARGUMENT

### I. The Parties entered into a binding agreement when all parties executed the MOU.

A settlement agreement may be enforceable notwithstanding the fact that it is not yet consummated. *Topiwala v. Wessell*, 509 Fed. Appx. 184, 2013 WL 453028 (4th Cir. 2013) (the court determined that there was no genuine dispute regarding whether the parties had entered into a settlement agreement, that the "Settlement Terms" document unambiguously evinced an intent to be bound and contained sufficiently definite terms, and that the Wessell parties' "mistakes" were no excuse. The Wessell parties opposed the motion, primarily contending that they never intended the "Settlement Terms" document to be a binding settlement agreement, but also alleging that they were rushed into signing the document and that their agreement to two of the document's terms was a "mistake.")

In the present case, the Parties, including the Plaintiff, signed a MOU, agreeing to all factual matters disputed in the case. No Party to date disputes the existence, or general terms, of the MOU signed by the Parties. The only material matters not yet finalized is the manner in which the proceeds from the settlement award are to be distributed to ensure the Plaintiff's best interests, including satisfying the debts of his current lienholders, are met, and the Estate's execution of the Settlement Agreement and Release of All Claims which contains the bargained for release language. The parties concur that the terms of the agreement are clear and

4

unambiguous and, therefore, the intent of the parties is to be determined within the "four corners" of the agreement. *Wilson v. Holyfield*, 227 Va. 184, 187–88, 313 S.E.2d 396, 398 (1984).

At the Conclusion of Mediation and under the advisement of Judge Michael Allen (Ret.), the Parties agreed to a clear bargained for consideration of a settlement payment of $3,000,000 for the release of all present and future claims against the Defendants Solomon D. Simmons, III, the City of Virginia Beach, and its insurers and the prejudicial dismissal of the litigation. The nefarious and increasingly bizarre, defamatory and alarming actions of an interested non-party, Jeffrey Reichert, have attempted to scuttle the best efforts of Plaintiff's Counsel of Record to bring this litigation to a close in the best interest of their client, the Estate. The clear and unambiguous terms of the MOU were agreed to and signed by the Plaintiff after hours of instruction, counsel, and caution provided by Judge Michael Allen during mediation. What is more, non-party Jeffrey Reichert was present throughout the Mediation and at the time Plaintiff signed the MOU. A settlement agreement should be enforced where there exists a signed Memorandum of Understanding, even absent a fully executed Settlement Agreement. *Woodson v. Nationwide Mut. Fire Ins. Co.,* No. 5:19-CV-00012, 2019 WL 7282502 (W.D. Va. Dec. 27, 2019) (holding that the hesitation of the Plaintiff to sign the Settlement Agreement, and regret for signing the Memorandum of Understanding at the settlement conference, does not constitute grounds for a Party to undo the binding agreement set forth in a Memorandum of Understanding). There can be no dispute that the Plaintiff was made fully aware of the binding nature of the Memorandum of Understanding, and that his signature was made knowingly, intelligently, and voluntarily. The Court should exercise its discretion and enforce the Settlement

Agreement given the explicit and binding terms of the Memorandum of Understanding, voluntarily signed by the Plaintiff.

> II. **Under Virginia Law, the Creditors of the Estate of Donovon W. Lynch must be paid *prior* to any disbursement to the beneficiaries of the Estate.**

Part of the settlement was to resolve a wrongful death claim brought by the Estate against Defendants. Under Virginia law, the amount recovered in any wrongful death action shall be paid to the personal representative *who shall <u>first</u> pay the costs and reasonable attorney's fees…* the remainder of the amount recovered shall thereafter be distributed to the beneficiaries. Va. Code Ann. § 8.01-54 (West) (emphasis added). The Estate has debts in relation to this case. Counsel for the Parties have received lien notices from two creditors, Anchor Legal Group, PLLC and US Claims, both of whom seek renumeration for costs and fees they represented they have incurred in connection with this litigation. This is in addition to the unpaid legal fees of Justin E. Fairfax, Esq. and Martin Law PLLC. On information and belief, lawful creditors are likely to not be fully or timely paid if settlement proceeds are not paid directly to a party's legal counsel who has fiduciary and ethical duties and an escrow account. Reichert is not a licensed attorney in Virginia. While his proposed substitute counsel is, the fact that proposed substitute counsel already represents Reichert himself in this matter evidences a conflict of interest in now purporting to also represent the Estate. Further, it is in the interests of the Estate, the beneficiaries and the City that such creditors be promptly and fully paid to avoid further litigation. The purpose of the settlement agreement is to serve as a release of *all* claims, not to be the source of future claims. Accordingly, we present the following proposed disbursement of the settlement proceeds, which we believe is consistent with the Virginia Wrongful Death Statute's requirements.

We request an Order approving and requiring a distribution of the total Settlement Payment to Martin Law PLLC, to be deposited into its escrow account, and then disbursed to the Estate's creditors and beneficiaries as follows:

    a. Settlement Payment     $    3,000,000.00

    b. Lienholder Deductions

        i. Anchor Law Group    $    238,902.68

        ii. US Claims    $    48,895.00

    c. Attorney's Fees and Expenses

        i. Justin Fairfax    $    466,704.77

        ii. Martin Law PLLC    $    267,935.65

        iii. Total of b and c    $    (1,022,438.10)

    d. Distributions to Beneficiaries

        **i.** Wayne B. Lynch & Lauryn Lynch     **$1,977,561.90**

### III.   The Settlement Agreement should be enforced in the interest of justice and to avoid undue burden on the Court.

The Court should enforce the settlement agreement as agreed upon by the Parties and their counsel of record in the interest of justice and to avoid undue burden on the Court. In the present case, the Order granted by this Court closing discovery, and vacating the Rule 16(b) Scheduling Order effectively removed this case from the docket. A decision from this Court to invalidate the MOU as agreed upon, and a refusal to compel the execution of the Settlement Agreement and Release of All Claims as proposed would unduly burden the Court through protracted litigation and trial preparation. The case would need to be placed back on the docket, and reset for trial, after the Parties agreed on all material elements of the Settlement Agreement.

Any further litigation in this matter would leave the Plaintiff in a worse position than stipulated in the Settlement Agreement and Release of All Claims, with no other remedy at law to redress his injury.

### REQUEST FOR RELIEF

WHEREFORE, the Counsels of Record for the Plaintiff negotiated a fair and equitable settlement for the Estate, agreed upon by all Parties, which also satisfies creditors and resolves this matter in the interest of justice. Accordingly, we respectfully request this Court enter an Order Enforcing the MOU, compelling the execution of the Settlement Agreement and Release of All Claims by the Estate, and approving and directing Martin Law PLLC to pay the Estate's lienholders, attorneys of record and beneficiaries Wayne and Lauryn Lynch the amounts stated in the proposed order.


By: *Justin E. Fairfax*
Justin E. Fairfax (VSB No. 72113)
*Counsel for Plaintiff*

Dated: December 29, 2022

## Certificate of Service

      I hereby certify that on the 29th day of December 2022, the foregoing Memorandum of Law in Support of Joint Motion to Enforce Settlement Agreement was electronically filed with the Court, which will automatically serve a copy of said filing via email to counsels of record for Defendant, Solomon D. Simmons and the City of Virginia Beach.


By: *Justin E. Fairfax*
Justin E. Fairfax (VSB No. 72113)
***Counsel for Plaintiff***

Dated: December 29, 2022

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| WAYNE B. LYNCH, Administrator of the Estate of DONOVON W. LYNCH, Deceased, </br></br>　　　Plaintiff, </br></br>v. </br></br>SOLOMON D. SIMMONS, III, *et al.*, </br></br>　　　Defendants. | Case No.: 2:21-cv-00341 </br></br> Magistrate Judge Robert J. Krask |

**[PROPOSED] ORDER**

Based on the Parties' Joint Motion to Enforce Settlement Agreement and Memorandum of Law in Support,

It is on this ____ day of _____, 2022, hereby,

**ORDERED** that the Parties' Joint Motion is **GRANTED**, and it is further

**ORDERED** that Martin Law PLLC shall, upon receipt of the settlement proceeds of $3,000,000.00 make the following disbursements:

- Anchor Law Group　$　238,902.68
- US Claims　$　48,895.00
- Justin Fairfax　$　466,704.77
- Martin Law PLLC　$　267,935.65
- Wayne B. Lynch & Lauren Lynch　　**$1,977,561.90**

　　**SO ORDERED**.

_____
Judge

Copies to:
*All counsel or record via [CM/ECF]*

10