UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF Virginia
Norfolk Division

|  |  |  |
|---|---|---|
| WAYNE B. LYNCH, Administrator of the Estate of DONOVON W. LYNCH, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 2:21-cv-00341 |
| v. | ) ) | |
| SOLOMON D. SIMMONS, III, *et al.*, | ) ) | Judge: Arenda L. Wright Allen |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTIONS TO
ENFORCE SETTLEMENT AGREEMENT AND TO APPROVE PROPOSED
<u>DISTRIBUTION OF SETTLEMENT FUNDS</u>**

NOW COMES Defendant City of Virginia Beach ("City"), by counsel, and for its Memorandum of Law in Support of Joint Motions to Enforce Settlement Agreement and to Approve Proposed Distribution of Settlement Funds, states as follows:

**<u>Procedural and Factual Background</u>**

On December 8, 2022, the parties convened for the purpose of a mediation session with the Hon. Michael Allen (Ret.) and, after 12+ hours of negotiations, reached an agreement to fully resolve this matter by settlement. The parties memorialized their settlement agreement and expressed their intention to be bound by the settlement agreement on that same date. A copy of the Memorandum of Understanding ("MOU"), signed by the parties and their respective counsel of record, is attached hereto as **EXHIBIT A**. As part of the settlement agreement memorialized in the MOU, the parties agreed that a formal settlement and release agreement would be prepared and signed, and that the Court would consider approval of a disbursement schedule and dismiss

the case with prejudice. From the signing of the MOU on December 8, 2022 until Friday, December 23, 2022, all parties and their respective counsel of record manifested an intent to be bound by the terms of the MOU. That conduct included Wayne B. Lynch, administrator of the Estate of Donovon W. Lynch and Justin Fairfax conducting a televised press conference praising the settlement agreement from the steps of the Hoffman Courthouse in Norfolk and such conduct included the approval and release of a joint public statement.

Upon current information and belief, a dispute has recently arisen between and among the Estate, as represented by its administrator, Wayne B. Lynch, the Estate's counsel of record in this litigation, and the Estate's alleged "attorney-in-fact," Jeffrey Reichert.[1] That dispute resulted in the filing of the Joint Motion to Enforce Settlement on Friday, December 23, 2022. The City, by and through its City Attorney and in consultation with City Council, remains ready, willing and able to comply with all material terms of the MOU. However, Wayne B. Lynch, on behalf of the Estate, has refused to sign the Settlement Agreement and Release of All Claims document that all parties agreed to execute in the MOU and whose language was negotiated and agreed to by the parties' respective counsel of record.  The signing of the Settlement Agreement and Release document by Wayne B. Lynch as administrator of the Estate is necessary to meet the Estate's obligations under the MOU.  The Settlement Agreement and Release of All Claims document ("Settlement and Release") is attached hereto as **EXHIBIT B**.  Accordingly, Court action is necessary to compel Wayne B. Lynch, administrator of the Estate of Donovon W. Lynch, to comply with the terms of the agreement memorialized in the MOU December 8, 2022, including without limitation, compelling Mr. Lynch to sign the Settlement and Release.  Further, because

---

[1] This is the second time a dispute between Mr. Lynch and his counsel has occurred in this matter. *See* ECF No. 55 (Order for Mr. Lynch to appear and discuss status of legal representation) and 57 (Minute Entry regarding status conference).

the litigation case was settled as memorialized in the MOU, the Court should dismiss this case with prejudice, while retaining jurisdiction for the sole purpose of enforcing the settlement agreement, all as agreed upon by the parties in the MOU.

## Legal Standard

"[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002) (citing *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)). The exercise of this authority "depends on the parties' agreement to a complete settlement," and "the court cannot enforce a settlement until it concludes that a complete agreement has been reached and determines the terms and conditions of that agreement." *Id.* "Thus, to exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." *Id.* at 540-41. "In deciding whether a settlement agreement has been reached, the Court looks to the objectively manifested intentions of the parties." *Moore v. Beaufort Cty.*, 936 F.2d 159, 162 (4th Cir. 1991).

Generally applicable principles of contract law govern a court's inquiry into a motion to enforce a settlement agreement. *Bradley v. Am. Household, Inc.*, 378 F.3d 373, 380 (4th Cir. 2004). Virginia contract law provides guidance in this circumstance. The elements of a valid contract in Virginia are offer, acceptance, and valuable consideration. *Montagna v. Holiday Inns, Inc.*, 221 Va. 336, 269 S.E.2d 838, 844 (Va. 1980). A party suing for breach of contract bears the burden of establishing that a binding and enforceable agreement exists. *See Knox Energy, LLC v. Gasco Drilling, Inc.*, 738 F. App'x 122, 124 (4th Cir. 2018) (citing *Valjar, Inc. v. Maritime Terminals, Inc.*, 220 Va. 1015, 265 S.E.2d 734, 736 (Va. 1980)). For a contract to be enforceable, there must be "mutual assent of the contracting parties to terms reasonably certain under the

circumstances." *W.J. Schafer Assocs., Inc. v. Cordant, Inc.*, 254 Va. 514, 493 S.E.2d 512, 515 (Va. 1997) (citation and quotation marks omitted).

"[I]f an agreement for complete settlement of the underlying litigation, or part of it, has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for nonperformance of the agreement is comparatively insubstantial." *Hensley*, 277 F.3d at 540 (quotation marks and citation omitted). If, however, factual disputes exist about an agreement's existence, its terms, or an attorney's authority to enter into it, the court must hold an evidentiary hearing to address the disputed matters and make findings. Id. at 541. After the hearing, if the court finds either that no settlement agreement was reached or the parties failed to agree "on all the material terms," then it must deny the motion to enforce and afford the plaintiff the opportunity to reopen and "proceed with his case on the merits." Id. at 541-42.

## Argument

This Court should summarily enforce the settlement agreement because the parties reached a complete agreement, the terms and conditions of the agreement are readily ascertainable from the MOU, the parties have objectively manifested their intent to be bound by its terms, and there is no excuse or for nonperformance on the part of Plaintiff.

I. The parties reached a complete agreement.

The parties signed a document memorializing all material terms of their settlement agreement. *See* Exhibit A ("MOU"). This MOU represents the complete agreement of the parties and is a legally binding contract in Virginia. The elements of a valid contract are all present: an offer, acceptance, and valuable consideration. The City, along with its insurer, made an offer of three million dollars ($3,000,000.00) in full and final settlement of this matter, Wayne B. Lynch,

administrator of the Estate of Donovon Lynch, along with his litigation counsel of record, Justin Fairfax, accepted the offer of settlement—as evidenced by their signatures on Exhibit A, in exchange for the terms and conditions set forth in the MOU, which include Mr. Lynch agreeing to sign a formal settlement agreement containing a full and final release of all claims. The negotiation of a release of claims and all liability in exchange for monetary compensation is a quintessential example of valuable consideration.  This a binding and complete agreement that this Court has plenary authority to enforce.

### II. Plaintiff is bound by the terms and conditions of the MOU

Upon finding that the parties have reached a complete, binding agreement, this Court must determine the terms and conditions of that agreement. Pursuant to Paragraph 10 of the MOU, Plaintiff expressly agreed to be bound by the terms of the MOU.[2]  By his signature and that of his litigation counsel of record, he clearly intended to proceed with the terms of the MOU. This agreement is further evidenced by correspondence and public statements made by both Wayne B. Lynch and his litigation counsel between December 8 – 22, 2023. The Supreme Court of Virginia has found a binding agreement, both oral and written, exists where the parties' intention to be bound is objectively manifested even though a subsequent formal agreement is contemplated. *Snyder-Falkinham*, 249 Va. at 376; *North America Mgrs. v. Reinach*, 177 Va. 116, 12 S.E.2d 806 (1941); *Agostini v. Consolvo*, 154 Va. 203, 153 S.E. 676 (1930); *see also Golding v. Floyd*, 261 Va. 190, 539 S.E.2d 735 (2001); *LongView Int'l Tech. Solutions, Inc. v. Lin*, 2017 Va. Unpub. LEXIS 9 (Va. S. Ct. 2017). The parties' intention for there to be further documents memorializing the agreement or effecting the intended outcome of the agreement is plainly not a

---

[2] "Ultimate resolution of the question whether there has been a binding settlement involves a determination of the parties' intention, as objectively manifested." *Snyder-Falkinham v. Stockburger*, 249 Va. 376, 381, 457 S.E.2d 36, 39 (1995).

basis to deny enforcement of the agreement.

The remaining paragraphs of the MOU are neither novel nor confusing. All conditions precedent on the part of the City have been satisfied, yet Wayne B. Lynch, administrator of the Plaintiff Estate, has failed and refused to perform his obligation to sign the Settlement and Release as drafted and agreed upon by his own litigation counsel of record, which is plainly required of him in the MOU. Simply put, the MOU sets forth all material terms and conditions of the settlement and as administrator of the Estate, Wayne B. Lynch must comply with them. Because Wayne B. Lynch has failed and refused to execute "a full release of all claims now pending and/or otherwise available relating to the events of March 26, 2021 and the death of Mr. Donovon Lynch as to the City, Solomon D. Simmons, III, and States Insurance" and because he has not "[w]ithin seven (7) business days following approval by the City Council … execute[d] a settlement agreement and all further documentation necessary to effectuate the terms of this agreement," the Estate is currently in material breach of the MOU. *See* MOU at Paragraphs 1, 8.

Accordingly, this Court should enforce the terms and conditions of the settlement agreement as set forth in the MOU and this matter should be dismissed with prejudice forthwith, subject to the Court's retaining jurisdiction to enforce the settlement agreement. There is no legal basis whatsoever for the administrator of the Estate to continue to refuse to perform his obligations in the MOU, and the Court should enforce those obligations under penalty of the Court's contempt and other powers.

III. Plaintiff has no excuse for his nonperformance.

Plaintiff has simply no excuse for his nonperformance under the MOU. Disagreement between or among his own counsel, fee disputes, and in-fighting among Plaintiff's legal team are wholly insufficient bases to excuse Plaintiff's continued nonperformance and breach of the MOU.

The City, and its insurer, on its own behalf and on behalf of Defendant Simmons, negotiated a full and complete settlement of this matter under simple and straightforward terms: Wayne B. Lynch, administrator of the Estate, shall sign a formal Settlement and Release document, and the litigation matter will be dismissed with prejudice. The City and its insurer will pay $3,000,000 to the Estate, conditioned on the approval of the distribution schedule by the Court and the satisfaction of the other terms of the MOU. The City has fully met it obligations under the MOU and stands ready to tender the settlement funds to the Estate and its litigation counsel of record upon Plaintiff's satisfaction of its obligations under the MOU. This Court should (1) enforce and compel Plaintiff to strictly comply with the MOU, (2) compel Plaintiff to sign the Settlement and Release, (3) dismiss the case with prejudice, (4) award Defendants their costs and attorneys' fees as set forth in the MOU, (5) approve the proposed disbursement schedule resolving all lien and other claims against the settlement proceeds by payment from the trust account of Martin Law PLLC, and (6) award such other and further relief as the Court deems appropriate.

## Conclusion

WHEREFORE, the City requests this Court enter an Order strictly enforcing the terms of the MOU as set forth above, dismiss the case with prejudice, and award such other and further relief as it deems appropriate.

Respectfully submitted,

CITY OF VIRGINIA BEACH

By ___/s/ *Gerald L. Harris, Esq.*___

**Mark D. Stiles** (VSB No. 30683)
*City Attorney*
**Christopher S. Boynton** (VSB No. 38501)
Deputy City Attorney

**Gerald L. Harris** (VSB No. 80446)
*Associate City Attorney*
**Joseph M. Kurt** (VSB No. 90854)
*Associate City Attorney*
Office of the City Attorney
Municipal Center, Building One, Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-4531 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
glharris@vbgov.com
jkurt@vbgov.com
*Attorneys for City of Virginia Beach*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of December 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record in this matter and counsel for Mr. Jeffrey Reichert.

                                  /s/
                            Gerald L. Harris, Esq.

**Mark D. Stiles** (VSB No. 30683)
*City Attorney*
**Christopher S. Boynton** (VSB No. 38501)
Deputy City Attorney
**Gerald L. Harris** (VSB No. 80446)
*Associate City Attorney*
**Joseph M. Kurt** (VSB No. 90854)
*Associate City Attorney*
Office of the City Attorney
Municipal Center, Building One, Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-4531 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
glharris@vbgov.com
jkurt@vbgov.com
*Attorneys for City of Virginia Beach*