# SETTLEMENT AGREEMENT
# AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release (the "Agreement") is made by and among Wayne B. Lynch, Administrator of the Estate of Donovon W. Lynch, on behalf of the Estate of Donovon W. Lynch ("Plaintiff"), Solomon D. Simmons, III ("Defendant Simmons") and the City of Virginia Beach ("Defendant City") (collectively "Defendants"), and States Self-Insurers Risk Retention Group, Inc. ("City's Insurer"). The Plaintiff and Defendants are collectively the "Parties."

## RECITALS

WHEREAS, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Virginia captioned *Wayne B. Lynch, Administrator of the Estate of Donovon W. Lynch, Deceased v. Solomon D. Simmons, III a/k/a Solomon D. Simmons, Individually and in his Official Capacity as a Police Officer for the City of Virginia Beach, Virginia and City of Virginia Beach* (the "Lawsuit"), Case No. 2:21-cv-341, seeking damages against Defendants for the death of Donovon W. Lynch on March 26, 2021 (the "Incident"); and

WHEREAS, Defendants have denied, and continue to deny, the material allegations of the Complaint that would give rise to liability to either or both Defendants; and

WHEREAS, Plaintiff, Defendants, and City's Insurer participated in a mediation on December 8, 2022 and entered a Memorandum of Understanding settling the Lawsuit and all claims and matters related to the Incident and desire to formally memorialize their settlement of the Lawsuit and all claims and matters relating to the Incident ("Claims") in accordance with this Agreement; and

WHEREAS, Plaintiff is represented by legal counsel, and has had the opportunity to consult with said counsel before signing this Agreement

## AGREEMENT

NOW, THEREFORE, in consideration of these premises and of the covenants contained

**Error! Unknown document property name.**

herein and for other good and valuable consideration, the adequacy, receipt and sufficiency of which is by all Parties and the City's Insurer hereby acknowledged, the Parties and the City's Insurer hereto, with the intent to be legally bound, agree as follows:

1.0     Incorporation by Reference

The above-stated Recitals are true and correct and are incorporated herein by this reference.

2.0     Release and Discharge

2.1     Plaintiff releases and forever discharges all Defendants, and their agents set forth in Section 2.4 below, jointly and severally, from any and all claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, attorney's fees, costs, losses of services, expenses and compensation of any nature whatsoever whether based on a tort, contract or other theory of recovery, and whether for compensatory or punitive damages which the Plaintiff now has, or which may hereafter accrue or otherwise be acquired, in any way arising out of or related to the Incident, whether or not asserted in the Lawsuit. Plaintiff shall be solely responsible for satisfying all liens, claims of liens, subrogated interests, encumbrances or demands (including but not limited to: (a) any bills or liens for health care services rendered to Decedent; (b) any bills, liens, subrogation rights or claims which might exist by virtue of any claims by Plaintiff's present or former legal counsel and Plaintiff's present or former litigation consultants; and (c) any insurance benefits paid in connection with the Incident that is the subject of the Lawsuit out of the settlement proceeds paid under Section 3.0, below, and Defendants are released from liability for all such liens and claims.

2.2     Parties agree that it is not the purpose of this Agreement to shift the responsibility to Medicare, Medicaid, Social Security programs, the United States Government, any other federal agency or entity, or any entity operating under contract with such entities, for the

payment of any past treatment arising out of the Incident. Plaintiff represents and warrants there are no subrogation claims, liens, or other claims, and that no conditional payments were made, by Medicare, Medicaid, Social Security programs, the United States Government, any other federal agency or entity, or any entity operating under contract with such entities, for, related to, or arising out of the Incident.

      2.3    Plaintiff agrees to never institute or reinstitute, prosecute or in any way aid in the institution or prosecution of any claim, demand, action, cause of action or suit at law or in equity against Defendants, whether made or not in the Lawsuit in any way arising out of or related to the Incident.

      2.4    The Parties agree that the release and discharge also applies to Defendants and their past, present or future third-party administrators, administrators, agents, assigns, attorneys, beneficiaries, corporations, directors, divisions, employees, executors, firms, grantees, heirs, insurers and reinsurers, joint venturers, managers, members, officers, parents, partners, partnerships, predecessors, representatives, servants, shareholders, successors, subsidiaries, transferees, trustees, vendees, legal and equitable owners and all persons and legal entities acting in concert with them, and persons and legal entities who could suffer or sustain liability by, through, or under any of them.

      2.5    The Parties agree this release shall be fully binding and a complete settlement of the Claims among the Plaintiff, Defendants, and their heirs, assigns and successors.

      2.6    The Parties acknowledge and agree that this release is global and a general release of any and all claims in any way arising out of or related to the Incident or the Lawsuit. The Parties waive and assume the risk of any and all claims for damages which exist as of this date, but of which the Parties do not know or suspect exist. Parties agree Plaintiff has accepted payment of the sums specified as a complete compromise of matters involving disputed issues of law and

**Error! Unknown document property name.**

fact regarding the Incident and Lawsuit.. Parties agree that this settlement is a compromise of disputed claims, and the payments are not to be construed as any admission of liability by Defendants, by whom liability is expressly denied.

      2.7    Parties intend Section 2.0 to effectuate the express purpose of this Agreement, which is to once and for all end all controversies between and among the Parties in regard to the Incident and the Lawsuit.

3.0    Payment

      3.1    In consideration of the release set forth in Section 2.0 and the other provisions of this Agreement, Defendants shall pay a total of Three Million Dollars (**$3,000,000.00**) to Plaintiff, as follows: Two Million Dollars ($2,000,000.00) million paid by the City of Virginia Beach and One Million Dollars ($1,000,000) paid by States Insurance, upon due execution of this Agreement in full and final settlement of all claims, damages, attorney's fees, costs, and expenses against Defendants, jointly and severally, which were brought, or could have been brought, in the Lawsuit and/or arise out of or are related to the Incident in full satisfaction of the Claims.

      3.2    No other Party to this Agreement has made or is under any duty to make payments to another other Party to this Agreement, except as set forth within Section 3.1, above.

4.0    Attorney's Fees

Each Party shall bear their own attorney's fees and costs arising from the Claims and this Agreement, the Lawsuit, and the Incident.

5.0    Warranty of Capacity to Execute this Agreement

Plaintiff represents and warrants that no person or entity has or have had any interest in the claims, demands, obligations, or causes of action referred to in the Recitals, except as otherwise set forth in the disbursement schedule to be provided by Plaintiff for approval by the

Court. Plaintiff maintains the sole right and exclusive authority to execute this Agreement and receive the sums specified as set forth in the disbursement schedule; and that Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the Claims.

      6.0      Taxes

Plaintiff and his attorneys have not relied upon any representation, express or implied, made by Defendants, or any of their representatives, as to the tax consequences of this settlement, and that Plaintiff releases and discharges Defendants, and their representatives from any and all liability in connection with any such tax consequences.

      7.0      Non-Disparagement of the Parties

The Parties agree that they will not disparage or otherwise criticize the actions of any other Party, orally or in writing, to any person.

      8.0      Entire Agreement, Successors in Interest, and Reciprocity

This Agreement contains the entire agreement and understanding between the Parties with regard to the Claims, the Incident and the Lawsuit and merges all negotiations and agreements reached between the Parties, and shall bind and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of all Parties. This Agreement may be modified, changed or altered only by an agreement in writing signed by all of the Parties. The terms of this Agreement are reciprocal and effect a compromise of all Claims.

      9.0      Representation of Comprehension of Document and Severability

In entering into this Agreement, the Parties represent that they have relied upon the legal advice of their attorneys, who are attorneys of their choice and that the terms of this Agreement have been completely read and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by them. The language used in this Agreement will be deemed to be the language chosen by all of the Parties, after review, consultation with and

approval of their respective attorneys, to express their mutual intent, and no rule of strict construction will be applied against any party. A determination that any provision, or the application of any provision, of this Agreement is unenforceable, invalid or illegal shall not affect the enforceability, validity, or legality of any other provision. Should any provision or provisions of this Agreement be, for any reason, unenforceable, the remaining provisions shall nonetheless be of full force and effect. Any provision found or deemed invalid or unenforceable shall only be so to the extent and scope required by law.

10.0    Governing Law

This Agreement shall be construed and interpreted in accordance with the law of the Commonwealth of Virginia. Any litigation arising out of this Agreement shall be brought and maintained in the United States District Court for the Eastern District of Virginia, Norfolk Division.

11.0    Court Approval

Because the Lawsuit asserts, *inter alia*, a claim for wrongful death under Virginia state law, the Parties and the City's Insurer contemplate the Agreement be subject to the Court's approval, which process shall include the submission by Plaintiff to the Parties and the Court of all intended distributions of the settlement sum referenced in Section 3.0 above. The Parties agree to cooperate and use best efforts to submit this Agreement, the distribution plan, and other necessary and appropriate documentation for consideration and approval by the Court.

12.0    Delivery and Entry of Dismissal Order with Prejudice

Upon execution of this Agreement, the Parties will submit to the Court for its consideration and approval this Agreement, the Plaintiff's proposed distribution plan, and an Agreed Dismissal Order or Stipulation of Dismissal with Prejudice of the Claims. The Defendants agree to bring to the Court hearing on approval of the Agreement and distribution plan, one or

more checks, payable jointly to Martin Law PLLC and Wayne B. Lynch, Administrator of the Estate of Donovon W. Lynch, in the total combined about of Three Million Dollars ($3,000,000), and upon Court approval of this Agreement and will deliver such check or checks to Martin Law PLLC as attorney of record for the Plaintiff.

13.0   Authority of Signatories

The Parties and signatories represent and warrant that they have full authority to enter into and execute this Agreement.

14.0   Execution in Counterparts

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and shall be effective upon execution of all the parties hereto. For purposes of this Agreement, electronic, facsimile and/or .pdf signatures shall be deemed to be the valid and binding signatures by the respective Parties.

15.0   Effectiveness

While immediately enforceable, irrevocable, and binding, this Agreement shall be deemed effective on payment of the total sum described in Section 3.0, above.

16.0   Enforcement

Any disputes arising under this Agreement shall be submitted to U.S. Magistrate Judge Robert J. Krask for binding resolution, with the prevailing party awarded its costs and reasonable attorney's fees.

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**ESTATE OF DONOVON W. LYNCH**


By: _____
    **Wayne B. Lynch, individually and as
    Administrator of the Estate of Donovon Lynch**

**Error! Unknown document property name.**

By: _____
  **Solomon D. Simmons, III**

**CITY OF VIRGINIA BEACH**


By: _____
  **Mark D. Stiles, City Attorney**

**STATES SELF-INSURERS RISK RETENTION GROUP, INC.**


By:_____
  **Douglas C. Kennedy, Program Claim Manager**
   **and Authorized Representative**

**Error! Unknown document property name.**