IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WAYNE B. LYNCH, Administrator of the
Estate of Donovon W. Lynch, Deceased,

    Plaintiff,

v.                                                    Case No. 2:21-cv-00341

SOLOMON D. SIMMONS, III,
a/k/a SOLOMON D. SIMMONS, Individually
and in his Official Capacity as a Police Officer
for the City of Virginia Beach, Virginia,
and
CITY OF VIRGINIA BEACH,

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTIONS
TO ENFORCE SETTLEMENT AGREEMENT AND TO APPROVE
PROPOSED DISTRIBUTION OF SETTLEMENT FUNDS**

NOW COMES Defendant Solomon D. Simmons, III ("Officer Simmons"), by counsel, and for his Memorandum of Law in Support of Joint Motions to Enforce Settlement Agreement and to Approve Proposed Distribution of Settlement Funds, states as follows:

**Procedural and Factual Background**

On December 8, 2022, the parties reached an agreement to fully resolve this matter by settlement and executed a Memorandum of Understanding ("MOU")[1] signed by the parties and their respective counsel of record which provides that, as part of the settlement agreement, the parties would prepare and sign a formal settlement and release agreement, and that the Court would consider approval of a disbursement schedule and dismiss the case with prejudice. The

---

[1] The MOU is attached as Exhibit A to the City's Memorandum of Law in Support of Joint Motions to Enforce Settlement Agreement and to Approve Proposed Distribution of Settlement Terms (Dkt. #82).

MOU states that the parties intended to be bound by its terms. In compliance with the MOU, the parties negotiated and finalized a formal settlement agreement which was approved by all counsel of record.[2] The undersigned has been advised by Plaintiff's counsel of record that the Estate's alleged "attorney-in-fact" Jeffrey Reichert has directed Plaintiff *not* to sign the Settlement Agreement. As the case has been settled and all counsel of record have approved a Settlement Agreement consistent with the MOU, the parties filed a Joint Motion to Enforce Settlement.

Officer Simmons stands ready, willing and able to comply with all material terms of the MOU. Plaintiff's justification for refusing to sign the Settlement Agreement remains a mystery. In his Motion to Substitute Attorney filed on December 28, 2022 (Dkt. #79), Plaintiff confirms in paragraph 7 that "the parties mediated and settled this case" and yet alleges in paragraph 21 that his counsel of record somehow "obstructed negotiation of terms of the settlement agreement." The pleading sheds no light on how counsel of record has in any way "obstructed" the drafting or execution of a settlement agreement formally memorializing the terms of the MOU. As a result, court action is necessary to compel Plaintiff to comply with the terms of the agreement memorialized in the MOU.

**Legal Standard**

Courts have the inherent authority to enforce settlement agreements. *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002) (citing *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)). To exercise this authority, courts must find that the parties reached a complete agreement to settle the matter, and the court must be able to determine the agreement's

---

[2] The Settlement Agreement and Release of All Claims ("Settlement Agreement") is attached as Exhibit B to the City's Memorandum of Law in Support of Joint Motions to Enforce Settlement Agreement and to Approve Proposed Distribution of Settlement Terms (Dkt. #82).

terms and conditions. *Id.* at 540-41. As with any contract, the court must consider "the objectively manifested intentions of the parties" in determining whether they have reached a settlement agreement. *Moore v. Beaufort Cty.*, 936 F.2d 159, 162 (4th Cir. 1991).

"[I]f an agreement for complete settlement of the underlying litigation, or part of it, has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for nonperformance of the agreement is comparatively insubstantial." *Hensley*, 277 F.3d at 540 (quotation marks and citation omitted). As discussed below, while it is not at all clear *why* Plaintiff has refused to execute the Settlement Agreement, any excuse is insubstantial as the Settlement Agreement reflects the intent of the parties as reflected in the MOU in all respects.

### Argument

This Court should enforce the Settlement Agreement because the parties reached a complete agreement, the terms and conditions of the agreement are readily ascertainable from the MOU, the parties have objectively manifested their intent to be bound by its terms, and there is no excuse for nonperformance on the part of Plaintiff.

I.      The Parties Reached a Complete Agreement

The MOU signed by the parties memorialized all material terms of their settlement agreement and contains the elements of a valid contract:  an officer, acceptance, and valuable consideration. The City, along with its insurer, made an offer of Three Million Dollars ($3,000,000.00) in full and final settlement of this matter.  Wayne B. Lynch, Administrator of the Estate of Donovon Lynch, along with his litigation counsel of record, Justin Fairfax, accepted the offer of settlement as evidenced by their signatures on the MOU.  Mr. Lynch agreed to sign a formal settlement agreement containing a full and final release of all claims. This is a binding and complete agreement that this Court has authority to enforce.

II.   <u>Plaintiff is Bound by the Terms and Conditions of the MOU</u>

Upon finding that the parties have reached a complete, binding agreement, this Court must determine the terms and conditions of that agreement. Pursuant to Paragraph 10 of the MOU, Plaintiff expressly agreed to be bound by the terms of the MOU.  By his signature and that of his litigation counsel of record, Mr. Lynch clearly intended to proceed with the terms of the MOU. Plaintiff cannot undo the settlement by refusing to execute the formal Settlement Agreement.  The Supreme Court of Virginia has found a binding agreement, both oral and written, exists where the parties' intention to be bound is objectively manifested even though a subsequent formal agreement is contemplated. *Synder-Falkinham*, 249 Va. at 376; *North America Mgrs. v. Reinach*, 177 Va. 116, 12 S.E.2d 806 (1941); *Agostini v. Consolvo*, 154 Va. 203, 153 S.E. 676 (1930); *see also Golding v. Floyd*, 261 Va. 190, 539 S.E.2d 735 (2001); *LongView Int'l Tech. Solutions, Inc. v. Lin*, 2017 Va. Unpub. LEXIS 9 (Va. S. Ct. 2017).

III.  <u>Plaintiff Has No Excuse for His Nonperformance</u>

Although Plaintiff has not explicitly stated the reason for his failure to execute the Settlement Agreement (aside from claiming that his counsel refused to "negotiate the terms" of the Settlement Agreement), Plaintiff's proposed term provides some guidance. While Plaintiff demands that the settlement proceeds be made out to him personally, the Settlement Agreement provides that the settlement proceeds be made out to Plaintiff and his counsel of record so that the funds will be deposited into the fiduciary account of a lawyer licensed to practice in the Commonwealth of Virginia for the specific purpose of making appropriate distributions.

On information and belief this dispute has nothing to do with Defendants but is a dispute between Plaintiff and his various counsel (including prior counsel, counsel of record and the "attorney-in-fact" Jeffrey Reichert) with regard to the appropriate distribution of funds. Disagreement between or amount Plaintiff's counsel, fee disputes, and in-fighting among

Plaintiff's legal team are wholly insufficient bases to excuse Plaintiff's refusal to comply with the MOU.

The City, Officer Simmons and the City's insurer negotiated a full and complete settlement of this matter under simple and straightforward terms. The City and Officer Simmons have fully met their obligations under the MOU. This Court should (1) enforce and compel Plaintiff to strictly comply with the MOU, (2) compel Plaintiff to sign the Settlement and Release, (3) dismiss the case with prejudice, (4) award Defendants their costs and attorneys' fees as set forth in the MOU, (5) approve the proposed disbursement schedule resolving all lien and other claims against the settlement proceeds by payment from the trust account of Martin Law PLLC, and (6) award such other and further relief as the Court deems appropriate.

## Conclusion

WHEREFORE, Officer Simmons requests this Court enter an Order strictly enforcing the terms of the MOU as set forth above, dismiss the case with prejudice, and award such other and further relief as it deems appropriate.

Dated: December 30, 2022                SOLOMON D. SIMMONS, III

By:   /s/Gary A. Bryant
    Gary A. Bryant (VSB No. 27558)
    Bethany J. Fogerty (VSB No. 94753)
    Counsel for Solomon D. Simmons, III
    Willcox & Savage, PC
    440 Monticello Ave., Ste. 2200
    Norfolk, Virginia 23510
    (757) 628-5500 Telephone
    (757) 628-5566 Facsimile
    gbryant@wilsav.com
    bfogerty@wilsav.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

    /s/Gary A. Bryant
Gary A. Bryant (VSB No. 27558)
Bethany J. Fogerty (VSB No. 94753)
Counsel for Solomon D. Simmons, III
Willcox & Savage, PC
440 Monticello Ave., Ste. 2200
Norfolk, Virginia 23510
(757) 628-5500 Telephone
(757) 628-5566 Facsimile
gbryant@wilsav.com
bfogerty@wilsav.com