UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| WAYNE B. LYNCH, Administrator of the Estate of DONOVON W. LYNCH, Deceased, | )<br>)<br>) |
| Plaintiff, | )  Case No. 2:21-cv-341<br>)<br>) |
| v. | )<br>) |
| SOLOMON D. SIMMONS, III, et al., | )<br>) |
| Defendants. | )<br>) |

## **MOTION FOR APPROVAL OF SETTLEMENT**

Wayne Lynch, Administrator of the Estate of Donovon Lynch, moves the Court to approve the settlement of this matter for $3,000,000 and disburse the settlement funds.

"This case arises out of a police shooting and killing of Donovon W. Lynch[.]" Dkt. 28, p. 1 (March 7, 2022). This Court considered that the City of Virginia Beach "fails to train its officers" and found sufficient examples this incident was "by no means unique within VPBD." Dkt. 28, p. 16-19. "[E]ven if 'training' and 'policies' are nominally put in place, conduct far beyond the bounds of tolerability is ratified or ignored by the City of Virginia Beach." *Id.* at 20.

Mr. Lynch, as Administrator for the Estate of Donovon W. Lynch sued for fifty million ($50,000,000.00). Mr. Jeff Reichert, a friend of the Lynch family, dedicated himself to investigating the circumstances of Donovon's death and represented Wayne Lynch, the Lynch family, and the Estate as an attorney-in-fact during the immediate aftermath of Donovon's death. Dkt. 37, 42, 62-1; 62-2. Mr. Reichert acted consistent with his experience as a corporate in-house counsel – he investigated the claims and hired outside counsel to litigate. Dkt. 62-2.

Mr. Pharrell Williams, a cousin of the Lynch family, dedicated himself to leveraging his celebrity to raise the profile of the case and represented publicly that, as a member of the Lynch family, he would not support the City without a change of its "toxic" energy. *See* Stacy Parker, *Pharrell Williams cites 'toxic energy' in Virginia Beach as city leaders scramble to save Something in the Water*, The Virginian Pilot (Oct. 5, 2021). In August and September, of 2022, the City of Virginia Beach attempted to divide the Estate's team, divert attention from the death of Donovon, and flip the narrative about facts devastating to the City's defense by investigating the investigator. *See* Dkt. 41-1. The City served a subpoena on Mr. Reichert for documents and the Estate filed a Motion to Quash asserting the attorney-client privilege over Mr. Reichert's communications and documents. Dkt. 40, 41, 43. 45. The parties briefed the Motion to Quash and counsel for the Estate asserted that they did not represent Mr. Reichert. *See* Dkt. 43, p. 2 ("Although counsel for Plaintiff does not represent Mr. Reichert..."). The Estate terminated its counsel. Dkt. 46. The Estate hired Justin Fairfax and Tom Martin who appeared in the case on October 13, 2022. Dkt. 47, 48. Mr. Fairfax and Mr. Thomas took the case with full knowledge of the Estate's position of Mr. Reichert's role as "legal representative" and part of the client group. Dkt. 56-2, 57, 113-1 (executing engagement letter as client's legal representative). Once hired, Mr. Fairfax and Martin changed their position as it related to defending Mr. Reichert's work product, communications, and notes. Emails of October 14, 21, and 25 attached as Exhibit A. Indeed, despite their hiring on October 13 the first action Mr. Fairfax and Mr. Martin took in this case included declining to defend a Motion to Compel filed October 14 with a response due on October 28. Dkt. 50. When Mr. Fairfax and Mr. Martin refused to defend the motion the Estate moved to terminate their services. Letter of October 30 attached as Exhibit B. Instead of opposing the motion to compel, Mr. Fairfax and Mr. Martin asked for the Court's help in

keeping them as counsel in the case. Dkt. 54, 55. At a hearing before Magistrate Judge Krask they agreed with the City in creating doubt about Mr. Reichert's role with the Estate. Dkt. 85. Faced with discovery deadlines and pressure from the Court to resolve the issue, the Estate agreed to keep them as counsel in the short term, and to get to mediation. *Id.*

Mr. Fairfax failed to include the Estate in depositions, videotape critical depositions, including of Officer Simmons, and introduce meaningful, or even sufficient, exhibits in the most critical depositions. At mediation Mr. Fairfax did not argue the facts of the case and the Estate realized Mr. Fairfax could not try the case as he did not understand the evidence of the case. The Estate felt forced and coerced to settle. The Estate's review of depositions, not provided until after mediation, confirmed the depth of Mr. Fairfax's failures to develop evidence and leverage.

The Estate accepted $3,000,000 and signed a Memorandum of Understanding ("MOU") that released the Defendants, the City and Officer Solomon Simmons, for all claims relating to the death of Donovon Lynch. Mr. Fairfax first provided a settlement agreement two (2) weeks after the mediation and with a deadline, that he self-imposed on the Estate by seeking a Court order to this effect, to negotiate a final agreement within three (3) days. Dkt. 74, 75. The agreement Mr. Fairfax provided came from the City and Mr. Fairfax advised the Estate not to seek any changes at all to a legal document drafted by the parties responsible for the death of Donovon Lynch. Dkt. 79, 90. Mr. Fairfax was aware of the Estate's desire to pursue future claims, including itsefforts to seek a federal indictment of Officer Simmons. Mr. Fairfax advised the Estate to waive its rights to participate or assist in a federal indictment if the Department of Justice initiated one. Dkt. 90. The Estate refused to waive its rights within the settlement agreement so Mr. Fairfax filed a joint motion, with opposing counsel, asking the Court to waive the Estate's rights and pay Mr. Fairfax $734,640 without any accounting. Dkt. 77, 81.

The Estate accepted $3,000,000 in settlement of their $50,000,000 lawsuit because that amount represented the most the Estate could achieve at mediation. The abandonment of the Estate's interests as it relates to defending Mr. Reichert's communications and investigations on behalf of the Estate caused the Estate to lose the Motion to Compel. Dkt. 60, n. 2 (noting conflicting statements about Mr. Reichert's relationship with the Estate and failure to provide evidence of the Estate seeking legal advice from Mr. Reichert). The prospect of disclosing privileged work product combined with material facts in dispute about the incident diminished the Estate's ability to try the case and forced a settlement at the low end of acceptable outcomes. *Confer Temika Pleas v. City of Portsmouth*, 2022 Dolan Media Jury Verdicts LEXIS 68 (settling wrongful death of police-involved traffic fatality for $11,000,000); *with Gray v. Rhodes*, 2006 Dolan Media Jury Verdicts LEXIS 2797 (Charlottesville Cir. Ct. 2003) (awarding $4,500,000 for death of naked man who ran from police and overpowered officers attempting to subdue him); *and Clark v. Meads,* 2022 U.S. Dist. LEXIS 78223 (E.D. N.C. April 21, 2021) (settling police shooting of violent felon driving at police officers for $3,000,000) *Harrington v. Roessler*, 2015 WL 3485552; Case No.: CL14-11477 (Fairfax Co. Cir. Ct. August 29, 2013) (settling police-involved shooting after armed standoff for $2,950,000); *Estate of Anonymous Motorist v. Anonymous Police Officer*, 2011 VA Metro Verdicts Monthly LEXIS 201 (Richmond Cir. Ct. July 22, 2011) (settling police shooting of motorist with firearm and drugs for $2,250,000).

In sum, and pursuant to Va. Code § 8.01-53, the Estate moves the Court to consider:

1. Defendants pay $3,000,000.00 pursuant to the settlement agreement. Dkt. 104.
2. Mr. Wayne Lynch qualified as Administrator of the Estate attached as Exhibit C;
3. Mr. Lynch pays current and previous counsel as follows:
    a. Anchor Legal Group PLLC costs - $25,600.18;

4

  b.  Anchor Legal group PLLC fees not to exceed - $100,000.00;

  c.  Martin Law PLLC costs - $9,894.76;

  d.  Joseph V. Sherman, P.C., costs - $140.79

  e.  Joseph V. Sherman, P.C., fees - $21,997.50.

4. Reimburse Wayne Lynch $12,038.60 for funeral expenses; attached as Exhibit D;

5. Pay US Claims $55,880.00 to satisfy its lien, attached as Exhibit E;

6. Pay the remaining funds to Wayne Lynch as father of Donovon Lynch and Lauryn Lynch as sister of Donovon Lynch pursuant to Va. Code § 8.01-53(A)(ii);

7. Dismiss this matter with prejudice with reservation of jurisdiction to enforce the settlement agreement.  Defendants do not expect to take a position on disposition of this motion.

June 20, 2023       **WAYNE B. LYNCH, ADMINISTRATOR OF THE ESTATE OF DONOVON W. LYNCH, DECEASED**

            By: /s/ Joseph V. Sherman
            Joseph V. Sherman (VSB No. 86099)
            JOSEPH V. SHERMAN, P.C.
            324 West Freemason Street
            Norfolk, Virginia 23510
            Telephone: (757) 350-8308
            Facsimile: (757) 351-4663
            E-mail: joe@lawfirmJVS.com

### **CERTIFICATE OF SERVICE**

I certify that on June 20, 2023, I electronically filed a true copy of this MOTION FOR APPROVAL OF SETTLEMENT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record including:

 Justin Fairfax, Esq.
 8106 Guinevere Drive
 Annandale, Virginia 22003

Thomas Benson Martin, Esq.
MARTIN LAW PLLC
5028 Wisconsin Avenue NW, Suite 100
Washington, DC 20016

Bethany Jean Fogerty, Esq.
Gary Alvin Bryant, Esq.
Jason Eli Ohana, Esq.
WILLCOX & SAVAGE PC
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510

Gerald Logan Harris, Esq.
Christopher Scott Boynton, Esq.
Joseph Martin Kurt, Esq.
CITY OF VIRGINIA BEACH
2401 Courthouse Drive
Virginia Beach, Virginia 23456

                                                   /s/ Joseph V. Sherman
                                                   Joseph V. Sherman (VSB No. 86099)