UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| WAYNE B. LYNCH, Administrator of the Estate of DONOVON W. LYNCH, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> SOLOMON D. SIMMONS, III, et al., <br><br> Defendants. | ) ) ) ) ) Case No. 2:21-cv-341 ) ) ) ) ) ) ) ) |

### STATEMENT OF COSTS AND FEES
### BY JOSEPH V. SHERMAN, P.C.

Joseph V. Sherman, P.C., pursuant to the Court's Order of June 5, 2023, submits this statement on its entitlement to costs and fees for services rendered on behalf of the Estate of Donovon W. Lynch. The Estate retained Joseph V. Sherman, P.C., on December 27, 2022.[1]

### FACTUAL ALLEGATIONS

On December 8, 2022, the parties mediated and agreed in principle to a settlement. Counsel for the Estates sought Court approval for four (4) days to negotiate the terms of a full and final settlement agreement. Dkt. 74. The Court granted the request. Dkt. 75. Counsel refused to negotiate changes to the final settlement agreement, drafted by the Defendants, which caused the Estate to seek new counsel to finalize the settlement terms. Dkt. 79, p. 2, para. 17.

Former counsel, together with the Defendants, filed a motion to enforce the settlement agreement, purportedly on behalf of the Estate, prior to the wishes and interests of the Estate.

---

[1] Professional services agreement filed and docketed as Dkt. 110-1.

Dkt. 76. Former counsel, purportedly on behalf of the Estate, prior to the wishes and interests of the Estate filed a Motion to Approve Proposed Distribution of Settlement Funds. Dkt. 81.

The Estate employed Joseph V. Sherman, P.C., to defend both motions. Dkt. 84 (objecting to waiver of right to participate in any action related to the death of Donovon Lynch); Dkt. 90, p. 2 (objecting to payment of fee to counsel who failed to finish necessary work). The Estate employed Joseph V. Sherman, P.C., to negotiate and litigate settlement terms. Dkt. 104.

## STANDARD OF REVIEW

To determine an award of attorney's fees, a court must determine a lodestar by multiplying a reasonable number of hours by a reasonable rate, determining reasonableness by looking at twelve (12) factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

> *Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 243-44 (4th Cir. 2009).

The court is to consider a lodestar method - rate multiplied by the number of hours - then adjust based on these factors. *Gilbert LLP v. Tire Engineering & Distribution, LLC*, 689 Fed. App'x 197, 199-201 (4th Cir. May 15, 2017). These factors are recognized as giving the Court discretion in determining an appropriate fee. *See Gilbert LLP v. Tire Engineering & Distribution, LLC*, 636 Fed. App'x. 166, 170 (4th Cir. Jan. 11, 2016); *Hughes v. Cole*, 251 Va. 3, 25 (1996); *Heinzman*, 217 Va. 958, 964 n.4 (1977).

## ARGUMENT

Joseph V. Sherman, P.C. submits its costs, $140.79, and fees $21,997.50. Statements of Professional Services Rendered dated January 27, 2023, totaling $6,133.75, March 31, 2023, in the amount of $7,350, and June 20, 2023, for $11,075, attached as Exhibits A, B, and C.

**I.   Mr. Sherman kept his time contemporaneous to laboring for the Estate.**

The statements of services rendered total almost one hundred (100) hours over six (6) months briefing, preparing for and executing a settlement conference, and negotiating terms of a final settlement agreement and release of critical importance to the Estate. Mr. Sherman kept his time as it occurred and incorporates his statements of professional services by reference.

**II.   Novelty and difficulty involved the enforcement of a settlement agreement.**

Most of the difficulty involved with Mr. Sherman's role in this litigation included the application of facts to the law – whether or not the parties manifested an intent to waive certain rights when agreeing to monetary compensation. Dkt. 84, p. 1-2; Dkt. 90, p. 2-3. The settlement agreement, which the Defendants sought to enforce, included nuanced language that operated to include the Estate to waive rights beyond those included in the instant lawsuit. Dkt. 94.

**III.   The representation required analytical, technical writing, and litigation skills.**

Mr. Sherman drafted and filed multiple motions, Dkt. 79, 94, and multiple memoranda in opposition to motions filed by parties adversarial to the Estate. Dkt. 84, 90. All of the technical writing incorporated analytical skills to develop persuasive legal arguments. To capitalize on the efforts of legal research and writing Mr. Sherman prepared for a mediation, Dkt. 95, and an evidentiary hearing, Dkt. 105, to extract the best possible non-monetary terms for the Estate.

**IV.     Mr. Sherman lost the opportunity of 100 hours to press the instant litigation.**

Mr. Sherman's time is his stock in trade. He will never recover the one hundred (100) hours except through this Court's award of the fair value of this time spent for the Estate.

**V.      Paying for litigation by the hour is customary and typical in the local market.**

Typical litigation relationships include paying for professional services by the hour.

**VI.     Mr. Sherman expected to get paid by the hour when rendering services.**

Dkt. 110-1 demonstrates Mr. Sherman's expectation to receive payment by the hour.

**VII.    This litigation required immediate attention from a demanding client.**

Given the client group included an attorney, Mr. Reichert, the litigation demanded an immediate investment in time to combat motions designed to force settlement with unacceptable non-monetary terms, Dkt. 76, 81, and Mr. Sherman filed memoranda in opposition. Dkt. 84, 90. The briefing culminated in a mediation on February 16 successful in obtaining concessions that the Defendants opposed on brief. *Compare* Dkt. 88, 89, *with* Dkt. 104 (changing § 2.3). The Estate preferred to debate and negotiate every element of the settlement agreement which Mr. Sherman did to meet the demands of the client and the deadlines of federal court litigation.

**VIII.   Mr. Sherman obtained a successful result in negotiating non-monetary terms.**

The settlement agreement the Defendants sought to enforce, Dkt. 77-1, lost lots of extra and unnecessary language and waivers after Mr. Sherman's representation. Dkt. 104. Notably, § 2.3 now allows participation in other suits filed against the City related to the incident, including any future prosecution of the officer involved in the death of Donovon Lynch, and § 2.4 reduces the waiver of claims by the Estate and does not apply to anyone other than the Defendants. More than anything, the necessary work of negotiating the final language occurred – something prior counsel of record refused to do. Dkt. 94, p.2; Dkt. 90, p. 2; Dkt. 79, p. 3.

   IX.   **Mr. Sherman's practice of ten years includes litigation in federal and state court.**

Representative cases include *City of Virginia Beach v. 2700 International Pkwy. Corp.*, CL22-573 (Virginia Beach Cir. Ct.); *East v. Weikel, et al.,* Case No. CL23-5761 (Norfolk Cir. Ct.); *Fernaays, et al., v. Isle of Wight Cnty.,* Case No.: 2:21-cv-99 (E.D. Va.); *Mountain Valley Pipeline, LLC, v. Flora*, Case No.: 7:19-cv-225 (W.D. Va.); *Fox v. City of Norfolk*, Case No.: 2:21-cv-653 (E.D. Va.); *Appalachian Power Co. v. M&K Group, LLC*, Case No.: CL23-221 (Abingdon Cir. Ct.); *Michigan Gas v. Midlam Trust, et al.,* Case No.: 22-973 CC (Calhoun Cnty., Michigan); *O'Neal v. City of Portsmouth*, Case No.: 2:23-cv-40 (E.D. Va.); *Page v. City of Portsmouth,* Rec. No. 0175-22-1 (Va. Ct. App.); *Rolfe v. Hampton City Council*, Case No.: CL23-21 (Hampton Cir. Ct.); *Sahadeo v. City of Norfolk,* Rec. No. 0333-23-1 (Va. Ct. App.); *Redgate Industrial, LLC, v. Norfolk Southern Corp.,* Case No.: CL22-12196 (Norfolk Cir. Ct.); *Terry v. Mountain Valley Pipeline, LLC,* No. 23-1532 (4th Cir.); *Mountain Valley Pipeline, LLC, v. Terry,* Case No.: 7:20-cv-136 (W.D. Va.).  Mr. Sherman's resume is attached as Exhibit D.

   X.   **Mr. Sherman did the work of coming behind other failed relationships.**

Coming in behind other attorneys can antagonize relationships and jeopardize results by virtue of inheriting whatever conditions exist in the case prior to representation.

   XI.   **Mr. Sherman represented the Estate for six (6) months to finalize this case.**

Mr. Sherman's representation started December 27, 2023, and continues as of this filing.

   XII.   **Similar cases support an award of $250 per hour for litigation services.**

Counsel for Defendant Simmons swore in another case in this court that an attorney of similar experience to Mr. Sherman could command a fee of $310 to $390 per hour for litigation. Case No.: 2:21-cv-596, Dkt. 49-1.  Mr. Sherman charges $250 per hour for this litigation.

5

June 20, 2023  WAYNE B. LYNCH, ADMINISTRATOR OF THE ESTATE OF DONOVON W. LYNCH, DECEASED

By: _____/s/ Joseph V. Sherman_____
Joseph V. Sherman (VSB No. 86099)
JOSEPH V. SHERMAN, P.C.
324 West Freemason Street
Norfolk, Virginia 23510
Telephone: (757) 350-8308
Facsimile: (757) 351-4663
E-mail: joe@lawfirmJVS.com

## CERTIFICATE OF SERVICE

I certify that on June 20, 2023, I electronically filed a true copy of this STATEMENT OF COSTS AND FEES with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record including:

Justin Fairfax, Esq.
8106 Guinevere Drive
Annandale, Virginia 22003

Thomas Benson Martin, Esq.
MARTIN LAW PLLC
5028 Wisconsin Avenue NW, Suite 100
Washington, DC 20016

Bethany Jean Fogerty, Esq.
Gary Alvin Bryant, Esq.
Jason Eli Ohana, Esq.
WILLCOX & SAVAGE PC
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510

Gerald Logan Harris, Esq.
Christopher Scott Boynton, Esq.
Joseph Martin Kurt, Esq.
CITY OF VIRGINIA BEACH
2401 Courthouse Drive
Virginia Beach, Virginia 23456

/s/ Joseph V. Sherman_____
Joseph V. Sherman (VSB No. 86099)