**Christopher S. Boynton**

| | |
|---|---|
| From: | Tom Martin <tmartin@martinlawdc.com> |
| Sent: | Thursday, December 22, 2022 4:29 PM |
| To: | Christopher S. Boynton; Bryant, Gary A.; Gerald L. Harris |
| Cc: | fairfax.justin@gmail.com |
| Subject: | RE: Activity in Case 2:21-cv-00341-AWA-RJKVAED Lynch v. Simmons et al Order |
| Attachments: | DWL Settlement Agreement and General Release of All Claims Edits (002).docx |

**CAUTION:** This email originated from outside of the City of Virginia Beach. Do not click links or open attachments unless you recognize the sender and know the content is safe.

The attorney for the Estate has requested the following edits. Please advise. Tom

Thomas B. Martin (he, him, his)
Attorney
**Martin Law PLLC**
5028 Wisconsin Avenue, NW
Suite 100
Washington, DC 20016
tmartin@martinlawdc.com
202-390-7802

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by return e-mail, then delete. Thank you.

**From:** Christopher S. Boynton <CBoynton@vbgov.com>
**Sent:** Thursday, December 22, 2022 2:53 PM
**To:** Tom Martin <tmartin@martinlawdc.com>; Bryant, Gary A. <gbryant@wilsav.com>; fairfax.justin@gmail.com
**Cc:** Gerald L. Harris <GLHarris@vbgov.com>
**Subject:** RE: Activity in Case 2:21-cv-00341-AWA-RJKVAED Lynch v. Simmons et al Order

Just FYI, the City is closed tomorrow so it may be difficult to get signatures on our end...

**From:** Tom Martin <tmartin@martinlawdc.com>
**Sent:** Thursday, December 22, 2022 10:20 AM
**To:** Bryant, Gary A. <gbryant@wilsav.com>; fairfax.justin@gmail.com
**Cc:** Christopher S. Boynton <CBoynton@vbgov.com>; Gerald L. Harris <GLHarris@vbgov.com>
**Subject:** RE: Activity in Case 2:21-cv-00341-AWA-RJKVAED Lynch v. Simmons et al Order

**CAUTION:** This email originated from outside of the City of Virginia Beach. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Status update: We continue to work diligently on the settlement agreement on our side and will get back to you as soon as possible, likely this afternoon.

Regards,

Tom
Thomas B. Martin (he, him, his)
Attorney
**Martin Law PLLC**
5028 Wisconsin Avenue, NW
Suite 100
Washington, DC 20016
tmartin@martinlawdc.com
202-390-7802

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by return e-mail, then delete. Thank you.

**From:** Bryant, Gary A. <gbryant@wilsav.com>
**Sent:** Wednesday, December 21, 2022 2:17 PM
**To:** Tom Martin <tmartin@martinlawdc.com>; fairfax.justin@gmail.com
**Cc:** Christopher S. Boynton <CBoynton@vbgov.com>; Gerald L. Harris <GLHarris@vbgov.com>
**Subject:** RE: Activity in Case 2:21-cv-00341-AWA-RJKVAED Lynch v. Simmons et al Order

Thanks Tom.

Gary A. Bryant
Willcox & Savage, PC
Wells Fargo Center
440 Monticello Avenue
Norfolk, Virginia  23510
Telephone: (757) 628-5520
Mobile:  (757) 675-5520
gbryant@wilsav.com

**From:** Tom Martin <tmartin@martinlawdc.com>
**Sent:** Wednesday, December 21, 2022 2:08 PM
**To:** Bryant, Gary A. <gbryant@wilsav.com>; fairfax.justin@gmail.com
**Cc:** Christopher S. Boynton <CBoynton@vbgov.com>; Gerald L. Harris <GLHarris@vbgov.com>
**Subject:** RE: Activity in Case 2:21-cv-00341-AWA-RJKVAED Lynch v. Simmons et al Order

Gary:

Thanks, we are definitely working on that now.  I'll get back to you as soon as possible.

Regards,

Tom
Thomas B. Martin (he, him, his)
Attorney
**Martin Law PLLC**
5028 Wisconsin Avenue, NW
Suite 100
Washington, DC 20016
tmartin@martinlawdc.com

EXHIBIT 5

202-390-7802

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by return e-mail, then delete. Thank you.

**From:** Bryant, Gary A. <gbryant@wilsav.com>
**Sent:** Wednesday, December 21, 2022 2:05 PM
**To:** fairfax.justin@gmail.com; Tom Martin <tmartin@martinlawdc.com>
**Cc:** Christopher S. Boynton <CBoynton@vbgov.com>; Gerald L. Harris <GLHarris@vbgov.com>
**Subject:** FW: Activity in Case 2:21-cv-00341-AWA-RJKVAED Lynch v. Simmons et al Order

With the order entered below we need to finalize the settlement agreement. Can you approve or provide comments to the draft circulated yesterday? Thanks.

Gary A. Bryant
Willcox & Savage, PC
Wells Fargo Center
440 Monticello Avenue
Norfolk, Virginia 23510
Telephone: (757) 628-5520
Mobile: (757) 675-5520
gbryant@wilsav.com

**From:** cmecf@vaed.uscourts.gov <cmecf@vaed.uscourts.gov>
**Sent:** Wednesday, December 21, 2022 11:05 AM
**To:** Courtmail@vaed.uscourts.gov
**Subject:** Activity in Case 2:21-cv-00341-AWA-RJKVAED Lynch v. Simmons et al Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Eastern District of Virginia -

## Notice of Electronic Filing

The following transaction was entered on 12/21/2022 at 11:04 AM EST and filed on 12/21/2022
**Case Name:**     Lynch v. Simmons et al
**Case Number:**   2:21-cv-00341-AWA-RJK
**Filer:**
**Document Number:** 75

EXHIBIT 5

**Docket Text:**
**ORDER: Plaintiff's Motion (ECF No. 74) is GRANTED. The parties are ORDERED to file a Stipulated Settlement Agreement and Dismissal by December 23, 2022. All deadlines set by the Rule 16(b) Scheduling Order (ECF No. 33) and the November 9, 2022 Order (ECF No. 66) are hereby VACATED. The Clerk is REQUESTED to forward a copy of this Order to counsel of record for all parties. Signed by District Judge Arenda L. Wright Allen on 12/20/2022. (afar)**

**2:21-cv-00341-AWA-RJK Notice has been electronically mailed to:**

Bethany Jean Fogerty    bfogerty@wilsav.com, cbailey@wilsav.com

Christopher Scott Boynton    cboynton@vbgov.com

Gary Alvin Bryant    gbryant@wilsav.com, cbailey@wilsav.com, pyoder@wilsav.com

Gerald Logan Harris    glharris@vbgov.com, lluck@vbgov.com

Jason Eli Ohana    johana@wilsav.com, smccloud@wilsav.com

Joseph Martin Kurt    jkurt@vbgov.com, lluck@vbgov.com

Joseph Very Sherman    joe@lawfirmJVS.com

Justin Fairfax    fairfax.justin@gmail.com, cwoods@mofo.com, justin-fairfax-0467@pacerpro.com

Thomas Benson Martin    tmartin@martinlawdc.com

**2:21-cv-00341-AWA-RJK Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091796605 [Date=12/21/2022] [FileNumber=10996966
-0] [1c0d5aa45a74ff73d1aeecfb696f289cd2c7e5e4afab9f28c594fa43754f71302
94fc8b0b50d1ea879540be085c52042d0fa23003e23cd8ff236b33a90b59e44]]

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 757-628-5500 and delete this message.

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 757-628-5500 and delete this message.

**Douglas C. Kennedy, Program Claim Manager
and Authorized Representative**

9

Error! Unknown document property name.1-2544980.1

EXHIBIT 5

# SETTLEMENT AGREEMENT
## AND ~~GENERAL~~ RELEASE OF ~~ALL CLAIMS~~

This Settlement Agreement and Release (the "Agreement") is made ~~and entered into~~ by and among Wayne B. Lynch, Administrator of the Estate of Donovon W. Lynch, on behalf of the Estate of Donovon W. Lynch ("Plaintiff"), Solomon D. Simmons, III ("Defendant Simmons") and the City of Virginia Beach ("Defendant City") (collectively "Defendants"), and States Self-Insurers Risk Retention Group, Inc. ("City's Insurer"). ~~As set forth herein, the~~ The Plaintiff and Defendants are collectively the "Parties."

## RECITALS

WHEREAS, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Virginia captioned *Wayne B. Lynch, Administrator of the Estate of Donovon W. Lynch, Deceased v. Solomon D. Simmons, III a/k/a Solomon D. Simmons, Individually and in his Official Capacity as a Police Officer for the City of Virginia Beach, Virginia and City of Virginia Beach* (the "Lawsuit"), Case No. 2:21-cv-341, seeking damages against Defendants ~~arising out of the~~ for ~~police officer involved shooting and subsequent~~ the death of Donovon W. Lynch ~~which occurred~~ on March 26, 2021 (the "Incident"); and

WHEREAS, Defendants have denied, ~~and continue to deny~~, the material allegations of the Complaint that would give rise to liability to either or both Defendants; and

WHEREAS, Plaintiff, Defendants, and City's Insurer participated in a mediation on December 8, 2022 and entered a Memorandum of Understanding settling the Lawsuit ~~and all claims and matters related to the Incident~~ and desire to formally memorialize their settlement of the Lawsuit and all ~~claims and matters relating to~~ causes of action accruing from the Incident (~~collectively, the~~ "Claims") in accordance with ~~the~~ this ~~terms set forth in this~~ Agreement; and

WHEREAS, Plaintiff is represented by legal counsel, and has had the opportunity to consult with said counsel before signing this Agreement

## AGREEMENT

NOW, THEREFORE, in consideration of these premises and of the covenants contained herein and for other good and valuable consideration, the adequacy, receipt and sufficiency of which is by all Parties and the City's Insurer hereby acknowledged, the Parties and the City's Insurer hereto, with the intent to be legally bound, agree as follows:

1.0 Incorporation by Reference

The above-stated Recitals are true and correct and are incorporated herein by this reference.

2.0 Release and Discharge

2.1 Plaintiff ~~hereby completely~~ releases ~~and forever discharges~~ all Defendants, ~~and each of them,~~ including ~~those~~ and their agents set forth in Section 2.4 below, jointly and severally, from any and all ~~past, present or future~~ claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, attorney's fees, costs, losses of services, expenses and compensation of any nature ~~whatsoever whether based on a tort, contract or other theory of recovery, and whether for compensatory or punitive damages which the Plaintiff now has, or which may hereafter accrue or otherwise be acquired, in any way arising~~ caused by ~~out of or related to~~ the Incident ~~that is the subject of the Lawsuit~~, whether or not asserted in the Lawsuit. Plaintiff shall be ~~solely~~ responsible for ~~satisfying~~ all liens, claims of liens, subrogated interests, encumbrances or demands ~~of whatever kind~~ (including but not limited to: (a) any bills or liens for health care services rendered to Decedent; (b) any bills, liens, subrogation rights or claims which might exist by virtue of any claims by Plaintiff's present or former legal counsel and Plaintiff's present or former litigation consultants; and (c) any insurance benefits paid in connection with the Incident that is the subject of the Lawsuit out of the settlement proceeds paid under Section 3.0, below, and Defendants ~~will accordingly be~~ are released from ~~any and all~~ liability for all such liens and claims.

Error! Unknown document property name.1-2544980.1

EXHIBIT 5

2.2  ~~The~~ Parties agree that it is not the purpose of this Agreement to shift the responsibility to Medicare, Medicaid, Social Security programs, the United States Government, any other federal agency or entity, or any entity operating under contract with such entities, for the payment of any past treatment arising out of the Incident. Plaintiff represents and warrants ~~that~~ there are no subrogation claims, liens, or other claims, and that no conditional payments ~~were~~ made, by Medicare, Medicaid, Social Security programs, the United States Government, any other federal agency or entity, or any entity operating under contract with such entities, for, related to, or arising out of the Incident.

2.3  Plaintiff ~~hereby~~ agrees to never ~~to institute or reinstitute, prosecute or in any way aid in the institution or prosecution of~~ ~~any claim, demand, action, cause of action or suit at law or in equity~~ dismiss with prejudice the Lawsuit and all causes of actions against Defendants, whether made or not in the Lawsuit for ~~in any way arising out of or related to~~ the Incident ~~that is the subject of the Lawsuit.~~

2.4  The Parties ~~hereby~~ agree that the release and discharge ~~set forth herein shall~~ also ~~apply~~ applies to Defendants ~~and all of~~ their ~~respective~~ past, present or future third-party administrators, administrators, ~~affiliates,~~ agents, ~~associates~~, ~~associations~~, assigns, ~~attorneys,~~ beneficiaries, corporations, directors, divisions, employees, executors, firms, grantees, heirs, ~~independent contractors~~, insurers and reinsurers, joint venturers, managers, members, officers, parents, partners, partnerships, predecessors, ~~representatives~~, ~~agents,~~ servants, shareholders, successors, subsidiaries, ~~affiliates~~, transferees, trustees, vendees, legal and equitable owners and all persons and legal entities acting ~~by, through, under, or~~ in concert with them, ~~as well as all~~and persons and legal entities who could suffer or sustain liability by, through, or under any of them.

2.5  The Parties ~~hereby~~ agree ~~that~~ ~~the~~ this release ~~and discharge set forth herein~~ shall be fully binding and a complete settlement of the Claims among the Plaintiff, Defendants, and

3

their heirs, assigns and successors.

2.6 The Parties acknowledge and agree that th~~is~~e release ~~and discharge set forth herein~~ is ~~a~~ global and a general release of causes of action created by ~~any and all claims in any way arising out of or related to the~~ the Incident ~~that is the subject~~ of the Lawsuit. The Parties ~~expressly~~ waive and assume the risk of any and all claims for damages which exist as of this date, but of which the Parties do not know or suspect exist, ~~whether through ignorance, oversight, error, negligence, or otherwise, and which if known,~~ would ~~materially~~ affect any Party's decision to enter into this Agreement. The Parties ~~further~~ agree ~~that~~ Plaintiff has accepted payment of the sums specified ~~herein~~ as a complete compromise of matters involving disputed issues of law and fact from Incident and Lawsuit and. ~~Plaintiff assumes the risk that the facts or law may be other than he believes~~. ~~It is understood and agreed by the Parties that this settlement is a compromise of disputed claims, and the~~ payments are not ~~to be~~ construed as any admission of liability by ~~on the part of~~ Defendants. ~~by whom liability is expressly denied~~.

~~2.7~~ The Parties intend ~~that the releases in this~~ Section 2.0 ~~be interpreted~~ to effectuate the express purpose of this Agreement, which is to once and for all end all controversies ~~the Parties and exposure of any sort that any~~ party may have to any other party ~~for anything in any way arising out of or related~~retain caused by the Incident that is the subject of the Lawsuit.

3.0 Payment

3.1 In consideration of the release set forth in Section 2.0 and the other provisions of this Agreement, Defendants shall pay a total of Three Million Dollars (**$3,000,000.00**) to Plaintiff, ~~which is to be funded~~ as follows: Two Million Dollars ($2,000,000.00) million ~~to be funded and~~ paid by the City of Virginia Beach and One Million Dollars ($1,000,000) ~~to be funded and~~ paid by States Insurance, upon due execution of this Agreement in ~~full and final~~ settlement of all claims, damages, attorney's fees, costs, and expenses

4

Error! Unknown document property name.~~I-2544980.1~~

EXHIBIT 5

against Defendants, jointly and severally, which were brought, or could have been brought, in the Lawsuit ~~and/or arise out of or are related to caused by~~ the Incident. ~~It is expressly understood by the Parties that said sum shall be paid~~ in full satisfaction of the Claims. ~~asserted in the Recitals, above.~~

    3.2    No other Party to this Agreement has made or is under any duty to make payments to another other Party to this Agreement, except as set forth within Section 3.1, above.

4.0    Attorney's Fees

Each Party shall bear their own attorney's fees and costs arising from the Claims and this Agreement, ~~the Lawsuit, the Incident, the settlement, the matters and documents referred to herein, and all related matters.~~

5.0    Warranty of Capacity to Execute this Agreement

~~Plaintiff represents and warrants that no person or entity has or have had any interest in the claims, demands, obligations, or causes of action referred to in the Recitals, except as otherwise set forth herein, and that the~~ Plaintiff ~~has the sole~~ maintains the sole right and exclusive authority to execute this Agreement and receive the sums specified herein; and that Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the ~~claims~~Claims, ~~demands, obligations or causes of action referred to in this Agreement.~~

6.0    Taxes

~~It is understood between the parties that the~~ Plaintiff and his attorneys have not relied upon any representation, express or implied, made by Defendants, or any of their representatives, as to the tax consequences of this settlement, and that Plaintiff releases and discharges Defendants, and their representatives from any and all liability in connection with any such tax consequences.

7.0    Non-Disparagement of the Parties

5

Error! Unknown document property name.~~1-2544980.1~~

EXHIBIT 5

The Parties agree that they will not disparage ~~or otherwise criticize~~ the actions of any other Party~~, orally or in writing,~~ to any person.

8.0   Entire Agreement, Successors in Interest, and Reciprocity

This Agreement contains the entire agreement and understanding between the Parties with regard to the Claims, ~~matters set forth herein,~~ and merges the ~~full~~ all agreements reached between the ~~P~~parties and ~~all prior oral~~any negotiations, and shall ~~be~~ ~~binding~~ bind ~~upon~~ and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of ~~each~~all Parties. This Agreement may be modified, changed or altered only by an agreement in writing signed by ~~all of~~ the ~~parties~~Parties. The terms of this Agreement are reciprocal ~~upon each other~~ and ~~are entered into to~~ effect a compromise of all Claims.

9.0   Representation of Comprehension of Document and Severability

In entering into this Agreement, the Parties represent that they have relied upon the legal advice of their attorneys, who are attorneys of their choice and that the terms of this Agreement have been completely read and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by them. The language used in this Agreement will be deemed to be the language chosen by all of the Parties, after review, consultation with and approval of their respective attorneys, to express their mutual intent, and no rule of strict construction will be applied against any party. A determination that any provision, or the application of any provision, of this Agreement is unenforceable, invalid or illegal shall not affect the enforceability, validity, or legality of any other provision. Should any provision or provisions of this Agreement be, for any reason, unenforceable, the remaining provisions shall nonetheless be of full force and effect. Any provision found or deemed invalid or unenforceable shall only be so to the extent and scope required by law.

10.0   Governing Law

Error! Unknown document property name.1-2544980.1

EXHIBIT 5

This Agreement shall be construed and interpreted in accordance with the law of the Commonwealth of Virginia. Any litigation arising out of this Agreement shall be brought and maintained in the United States District Court for the Eastern District of Virginia, Norfolk Division.

11.0 Court Approval

Because the Lawsuit asserts, *inter alia*, a claim for wrongful death under Virginia state law, the Parties and the City's Insurer contemplate that the Agreement ~~the settlement referenced herein will~~ be subject to the Court's approval, which process shall include the submission by Plaintiff to the Parties and the Court of all intended distributions of the settlement sum referenced in Section 3.0 above. The Parties agree to cooperate and use best efforts to submit this Agreement, the distribution plan, and other necessary and appropriate documentation for ~~timely~~ consideration and approval by the Court.

12.0 Delivery and Entry of Dismissal Order with Prejudice

Upon execution of this Agreement, the Parties will ~~promptly~~ submit to the Court for its consideration and approval this Agreement, the Plaintiff's proposed distribution plan, and an Agreed Dismissal Order or Stipulation of Dismissal with Prejudice of the Claims. The Defendants agree to bring to the Court hearing on approval of the Agreement and distribution plan, one or more checks, payable to ~~Martin Law PLLC~~ Wayne Lynch, in the total combined about of Three Million Dollars ($3,000,000), and upon Court approval ~~by the Court~~ of this Agreement and ~~the distribution plan,~~ will deliver such check or checks to Martin Law PLLC as attorney of record for the Plaintiff.

13.0 Authority of Signatories

The Parties and signatories represent and warrant that they have full authority to enter into and execute this Agreement.

7

Error! Unknown document property name.1-2544980.1

EXHIBIT 5

14.0    Execution in Counterparts

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and shall be effective upon execution of all the parties hereto. For purposes of this Agreement, electronic, facsimile and/or .pdf signatures shall be deemed to be the valid and binding signatures by the respective parties Partieshereto.

15.0    Effectiveness

While immediately enforceable, irrevocable, and binding, this Agreement shall be deemed effective on payment of the total sum described in Section 3.0, above.

16.0    Enforcement

Any disputes arising under this Agreement shall be submitted to U.S. Magistrate Judge Robert J. Krask for binding resolution, with the prevailing party awarded its costs and to include reasonable attorney's fees.

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**ESTATE OF DONOVON W. LYNCH**

By: _____
   Wayne B. Lynch, individually and as
   Administrator of the Estate of Donovon Lynch


By: _____
   Solomon D. Simmons, III

**CITY OF VIRGINIA BEACH**

By: _____
   Mark D. Stiles, City Attorney

**STATES SELF-INSURERS RISK RETENTION GROUP, INC.**

By: _____

8

Error! Unknown document property name.1-2544980.1

EXHIBIT 5